THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM F. WRIEDEN, Appellant.

Argued May 25, 1949; decided July 19, 1949.

*David M. Palley* for appellant. There is no evidence whatsoever that defendant was the bailee, servant, agent, employee,

clerk or trustee of complainant. In fact, the testimony of complainant as the People's witness is that the $1,000 was delivered to defendant in payment for 625 shares of common stock of Worne Plastics Corporation and that defendant promised to deliver the stock to complainant at some time in the future. (*People* v. *Epstein,* 245 N. Y. 234; *People* v. *Gerety,* 242 App. Div. 5.)

*Nathaniel L. Goldstein, Attorney-General* (*Daniel M. Cohen, Wendell P. Brown* and *Harry Kirshbaum* of counsel), for respondent. The evidence supports defendant's conviction for embezzlement of moneys entrusted to him for a particular purpose. No error was committed in the trial court's charge. Accordingly, defendant's conviction should be sustained, especially since no exception was taken to the charge and no motions were addressed to the verdict. (*Moffatt* v. *Fulton,* 132 N. Y. 507; *People* v. *Meadows,* 199 N. Y. 1; *People* v. *Malkin,* 250 N. Y. 185; *People* v. *McCarthy,* 250 N. Y. 358; *People* v. *Pesky,* 254 N. Y. 373; *People* v. *Lamm,* 292 N. Y. 224; *People* v. *Lobel,* 298 N. Y. 243; *People* v. *Robinson,* 284 N. Y. 75.)

BROMLEY, J. Defendant has been convicted of grand larceny in the first degree by embezzlement. The prosecution was conducted by the Attorney-General of the State of New York under the Martin Act (General Business Law, § 358). The indictment charged the alleged crime as follows: " The defendant, in the County of New York, on or about the 28th day of February, 1946 and the 1st day of March, 1946, having certain property in his possession, custody and control as bailee, servant, agent, employee, clerk and trustee of George L. Mozzanica, to wit: One Thousand ($1,000.) Dollars in lawful currency of the United States of America owned by said George L. Mozzanica for the sole purpose of acquiring 625 shares of the common capital stock of Worne Plastics Corporation, for said George L. Mozzanica appropriated the said sum to his own use, with intent to deprive the owner of said money of the use and benefit thereof and to appropriate the same to the use of the defendant." 

It is agreed that the applicable portion of the Penal Law is section 1290, which reads in part as follows: " A person who, with the intent to deprive or defraud another of the use and

benefit of property or to appropriate the same to the use of the taker, or of any other person other than the true owner, wrongfully takes, obtains or withholds, by any means whatever, from the possession of the true owner or of any other person any money, personal property, thing in action, evidence of debt or contract, or article of value of any kind, steals such property and is guilty of larceny.''

On this appeal defendant challenges the sufficiency of the evidence that he held the money for the benefit of Mozzanica, asserting that the sum had been paid to him under a contract of sale.

Defendant was vice-president and office manager of Worne Plastics Corporation. The corporation was organized in 1945, to take over certain secret formulae developed by a Dr. Worne for the manufacture of acrylic resins and to manufacture under the secret formulae. The defendant owned more than 20,000 shares of the capital stock of that company.

Mozzanica was employed in January, 1946, as a bookkeeper by the corporation. He was aware of the then glowing prospects for the future of the corporation. On several occasions he approached defendant with a request to sell him some of the stock. Defendant explained that the corporation at that time was limited to twenty-five stockholders but the issuance of additional stock was contemplated, and finally agreed to see what he could do. Some time later he came to Mozzanica and said he had the stock. On February 28, 1946, Mozzanica delivered to defendant the sum of $1,000 in the form of two checks, one for $500, the other for $503.60, defendant returning to him $3.60 change in cash. Mozzanica understood that defendant would deliver the stock to him as soon as defendant could do so. At the time the money was delivered defendant gave Mozzanica a receipt as follows:

'' 28 Feb. 1946

'' To whom it may concern,

'' This is to acknowledge receipt of One thousand dollars ($1,000) from George L. Mozzanica, to be applied toward the acquisition of (625) Six hundred twenty five shares of the Common capital stock of Worne Plastics Corporation.

W. F. WRIEDEN ''.

The stock was never delivered. The Attorney-General contends that the language of the receipt unequivocally evidences the receipt of money in trust and by its very terms restricted the purposes for which defendant could use the money. We cannot agree. The language is ambiguous, but Mozzanica's testimony makes it clear beyond doubt that the transaction was a purchase and sale and completely refutes the charge that defendant occupied a position of trust. Mozzanica testified emphatically that he bought the stock from defendant, that in return for $1,000 which he gave defendant the latter was to give him 625 shares of stock and that defendant was selling him the stock.

Defendant made timely objection to submission of the case to the jury by moving for dismissal of the indictment at the close of the People's case and of his own (*People* v. *Ledwon,* 153 N. Y. 10). The evidence in this record does not establish an embezzlement, but rather supports defendant's contention that the transaction was a purchase and sale. Since the proof clearly falls below the standard required to rebut the presumption of defendant's innocence, the conviction must be reversed (cf. *People* v. *Bearden,* 290 N. Y. 478; *People* v. *Gluck,* 188 N. Y. 167).

The judgments should be reversed and the indictment dismissed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.