38 N.Y.2d 173 (1975)
The People of the State of New York, Respondent,
v.
Jose Santos, Appellant.
Court of Appeals of the State of New York.
Argued October 24, 1975.
Decided December 4, 1975.
James M. Weinraub for appellant.
Eugene Gold, District Attorney (Elliott Schulder and Martin I. Saperstein of counsel), for respondent.
Chief Judge BREITEL and Judges JASEN, JONES and FUCHSBERG concur in Per Curiam opinion; Judge WACHTLER dissents and votes to affirm in a separate opinion in which Judges GABRIELLI and COOKE concur.
*174 Per Curiam.
The order of the Appellate Term should be reversed and the complaint dismissed.
The unreported dissenting memorandum opinion of Mr. Justice JOHN E. CONE at the Appellate Term states the *175 essential issue and the underlying grounds for his view: "On this appeal from a conviction for aggravated harassment (Penal Law, § 240.30), the question presented is whether defendant's guilt was proven beyond a reasonable doubt. It is true that an appellate court is usually hesitant in overturning a jury verdict based strictly on the witness' credibility (People v Atlas, 183 App Div 595, affd 230 N.Y. 629). However, there are too many problems within the People's proof. First of all there is no claim that the place from where the calls were made was not open to the public. Therefore, anyone could have had access to it in order to make the phone calls. Further, the complainants testified that they received from 2,000 to 3,000 calls between the fall 1970 to winter 1971, but, they failed to make a complaint to anyone until February 2, 1971 when they complained to the telephone company. This seems to me to be an incredible story. Moreover, it seems as if the complainant is not an unbiased victim, but rather has an interest in the outcome of this case since some of his employees have been arrested on charges of assault and extortion against the defendant. It is undisputed that the complaint against this defendant was first made some 8 days after the arrest of complainants' employees on charges of extortion and robbery made on complaint of this defendant. Furthermore, their claim, that the calls were obscene, was never substantiated by the phone company, since the phone company does not listen in on such conversations. Under the circumstances, the complaint should be dismissed since the defendant's guilt was not proved beyond a reasonable doubt."
Even more incredible, perhaps, is complainants' testimony that defendant, whom they identified as the theretofore unknown caller by his voice, suddenly appeared, upon his own volition, at the car service's office and offered to pay $300 for the "damages" he had caused as a result of the telephone calls. According to complainants, defendant explained that he had made the calls because he had had "nothing else to do".
This court has for a long time and still does review a record in a criminal action as a whole and is empowered and obliged to conclude on a deficient record that guilt has not been established beyond a reasonable doubt as a matter of law (see, e.g., People v Sickles, 35 N.Y.2d 792, 793; People v Logue, 35 N.Y.2d 658, 659; People v Collins, 31 N.Y.2d 878, 879; People v Oyola, 6 N.Y.2d 259, 261; People v Wrieden, 299 N.Y. 425, 428; People v Bearden, 290 N.Y. 478, 479-480; People v Gluck, 188 N.Y. 167, 171-172; *176 People v Ledwon, 153 N.Y. 10, 17-18; see, also, People v Whitmore, 28 N.Y.2d 826, 832-833 [dissenting opn]; see, generally, Cohen and Karger, Powers of the New York Court of Appeals, § 198, at pp 742-743).
Given the bizarre nature of the People's proof, more than a formal issue of credibility of witnesses is involved. The clearest judgment one can make about the record in this case is that it does not reveal what actually happened, in some undisclosed context, between or among these small-time, part-time, street-smart, and street-tough "gypsy-taxicab" rivals. The record in this case is not of the stuff that warrants a criminal conviction, and more than a merely mechanical categorization between law and facts is merited if this court is to perform its great function of review.
When the proof is so thin that it will not support a feather-weight, although dressed in "prima facie" semblance, the facts to be proved are impossible because they are impossible of belief. This is such a case.
Accordingly, the order of the Appellate Term should be reversed and the complaint dismissed.
WACHTLER, J. (dissenting).
The order of the Appellate Term should be affirmed.
The People's evidence disclosed that Always Available Car Service had received what was estimated as 2,500 to 3,000 obscene telephone calls over a six-month period. The caller was identified as male and the calls opened with several "meows". One morning the caller stated that he wanted to pay for the damage he had caused, offered to come to the garage for that purpose, and was encouraged to do so. Thereafter appellant appeared and when he spoke the telephone dispatcher recognized his voice as that of the caller. Appellant then admitted making the calls and offered to pay $300 as damages for the obscene remarks he had made over the telephone, adding that he had made the calls just for fun. There was further evidence that one of the obscene calls had been traced to a telephone located at appellant's place of employment to which he and others had access.
For his part appellant denied making the calls. He then related that one night while he was working the midnight to eight shift three men beat and robbed him. One of his assailants told appellant that if he wanted to know what it was all about he should contact the automobile service agency. Appellant's version was that he then went to the garage, and was *177 accused of working for a competitor. Later appellant made a criminal complaint against two of the employees of Always Available Car Service.
After summations on each side, which stressed the issue of credibility, and charges to which neither side raised objection, the jury returned a verdict of guilty of the crime of aggravated harassment under section 240.30 of the Penal Law.
Viewing the evidence in the light most favorable to the People, as we must on this appeal, I conclude that there was sufficient evidence to establish appellant's guilt of the crime charged beyond a reasonable doubt. The issues of credibility of the People's witnesses and of the weight to be attached to their testimony, while troublesome, were properly left to the jury under instructions to which appellant took no exception.
As the majority aptly notes, the nature of the People's proof was indeed bizarre. But in my view that alone is not a valid basis for reversing the conviction in this, or any other, case. Were this court empowered to review the facts, weigh the evidence, or substitute its judgment for that of the jury, I would be in full agreement with the majority opinion. However, the Court of Appeals, within its limited scope of review, is not given these powers. As we recently noted in People v Scheck (36 N.Y.2d 918, 919): "Although the incident upon which this conviction is based seems bizarre, the matter is now beyond the fact-finding stage and the existence of evidence establishing the elements of the offense compels us to affirm." Jurisprudentially, I would consider the approach we took in the Scheck case to be far more sound than approaching each case on an ad hoc basis.
Order reversed, etc.