Per Curiam.

The order of the Appellate Term should be reversed and the complaint dismissed.
The unreported dissenting memorandum opinion of Mr. Justice John E. Cone at the Appellate Term states the *175 essential issue and the underlying grounds for his view: "On this appeal from a conviction for aggravated harassment (Penal Law, § 240.30), the question presented is whether defendant’s guilt was proven beyond a reasonable doubt. It is true that an appellate court is usually hesitant in overturning a jury verdict based strictly on the witness’ credibility (People v Atlas, 183 App Div 595, affd 230 NY 629). However, there are too many problems within the People’s proof. First of all there is no claim that the place from where the calls were made was not open to the public. Therefore, anyone could have had access to it in order to make the phone calls. Further, the complainants testified that they received from 2,000 to 3,000 calls between the fall 1970 to winter 1971, but, they failed to make a complaint to anyone until February 2, 1971 when they complained to the telephone company. This seems to me to be an incredible story. Moreover, it seems as if the complainant is not an unbiased victim, but rather has an interest in the outcome of this case since some of his employees have been arrested on charges of assault and extortion against the defendant. It is undisputed that the complaint against this defendant was first made some 8 days after the arrest of complainants’ employees on charges of extortion and robbery made on complaint of this defendant. Furthermore, their claim, that the calls were obscene, was never substantiated by the phone company, since the phone company does not listen in on such conversations. Under the circumstances, the complaint should be dismissed since the defendant’s guilt was not proved beyond a reasonable doubt.”
Even more incredible, perhaps, is complainants’ testimony that defendant, whom they identified as the theretofore unknown caller by his voice, suddenly appeared, upon his own volition, at the car service’s office and offered to pay $300 for the "damages” he had caused as a result of the telephone calls. According to complainants, defendant explained that he had made the calls because he had had "nothing else to do”.
This court has for a long time and still does review a record in a criminal action as a whole and is empowered and obliged to conclude on a deficient record that guilt has not been established beyond a reasonable doubt as a matter of law (see, e.g., People v Sickles, 35 NY2d 792, 793; People v Logue, 35 NY2d 658, 659; People v Collins, 31 NY2d 878, 879; People v Oyola, 6 NY2d 259, 261; People v Wrieden, 299 NY 425, 428; People v Bearden, 290 NY 478, 479-480; People v Gluck, 188 *176 NY 167, 171-172; People v Ledwon, 153 NY 10, 17-18; see, also, People v Whitmore, 28 NY2d 826, 832-833 [dissenting opn]; see, generally, Cohen and Karger, Powers of the New York Court of Appeals, § 198, at pp 742-743).
Given the bizarre nature of the People’s proof, more than a formal issue of credibility of witnesses is involved. The clearest judgment one can make about the record in this case is that it does not reveal what actually happened, in some undisclosed context, between or among these small-time, part-time, street-smart, and street-tough "gypsy-taxicab” rivals. The record in this case is not of the stuff that warrants a criminal conviction, and more than a merely mechanical categorization between law and facts is merited if this court is to perform its great function of review.
When the proof is so thin that it will not support a featherweight, although dressed in "prima facie” semblance, the facts to be proved are impossible because they are impossible of belief. This is such a case.
Accordingly, the order of the Appellate Term should be reversed and the complaint dismissed.