■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY BENTLEY and MICHAEL CONTE, Appellants. — Two judgments (one as to each defendant) of the Supreme Court, Queens County (Brennan, J.), both rendered October 20, 1980, affirmed. No opinion. These cases are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Mangano, Gulotta and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID G., Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Orange County (Ingrassia, J.), imposed October 21, 1980, upon his adjudication as a youthful offender, the sentence being an indeterminate term of imprisonment of zero to four years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to probation for a period of five years. As so modified, sentence affirmed and case remitted to the County Court, Orange County, for the imposition of appropriate conditions of probation. Under the facts of this case, defendant should have been sentenced to a period of probation. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT IGOE and MICHAEL PASS, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Kooper, J.), both rendered March 14, 1979, convicting each of them of murder in the second degree (felony murder), manslaughter in the first degree, and criminal possession of a weapon in the second degree, upon jury verdicts, and imposing sentences. Judgment against defendant Michael Pass affirmed. Judgment against defendant Robert Igoe modified, on the law, by reversing the conviction of manslaughter in the first degree and the sentence imposed thereon, and said count is dismissed. As so modified, judgment affirmed. The judgment of conviction for manslaughter in the first degree against Robert Igoe must be reversed because the prosecution failed to prove beyond a reasonable doubt that Robert Igoe shared in the intent of defendant Michael Pass to cause serious physical injury to the decedent (People v La Belle, 18 NY2d 405). The People, with commendable candor, concede that a reversal of the manslaughter conviction against Robert Igoe, and a dismissal of that count, is required. A determination of credibility may not be overturned lightly on appeal (People v Rodriguez, 72 AD2d 571). The fact that the principal prosecution witness, the decedent's brother, testified that defendant Robert Igoe stated "Hold it. This is a stick-up", supports the jury's conclusion that a robbery was in progress when defendant Michael Pass shot the decedent. This testimony was consistent with the other testimony and evidence in the case, and was not incredible (cf. People v Santos, 38 NY2d 173). The jury had before it the testimony of both eyewitnesses as well as other evidence, and was properly instructed on the means of evaluating that evidence. Under these circumstances, we see no reason to disturb its findings. We have considered defendant Robert Igoe's remaining contentions and find them to be without merit. As to defendant Michael Pass, we are of the opinion that any errors committed at trial were harmless in view of the overwhelming evidence of guilt (People v Crimmins, 36 NY2d 230). Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.