Vaf Vooehis, J.
Appellant was indicted for first degree sodomy, second degree assault and impairing the morals of a minor in violation of subdivision 2 of section 483 of the Penal Law. These charges arose out of one incident alleged to have occurred on January 1, 1957. The jury acquitted appellant of the first two charges but found him guilty of the last charge, which is a misdemeanor. As in the case of People v. Oyola (6 N Y 2d 259), decided simultaneously, the evidence against appellant consisted entirely of testimony by a 10-year-old child, who in this instance testified to having regular and frequent sexual intercourse with appellant (her stepfather) during four years, in the usual manner as well as through her mouth. Appellant denied this testimony completely. Ho circumstantial evidence attests its veracity. Although, according to complainant’s version, this course of conduct began when she was 6 years old and continued until she was 10, this child named Linda said that she did not tell her mother anything about it until January 27, 1957. Then she said that she told the whole story.
Here, as in Oyóla, a matrimonial dispute is in the background. Linda is Ida’s child by a previous marriage. In 1950 Ida and appellant, while each was married to another, left Hew York City taking Linda with them to Florida, where they lived in the same room until Ida and appellant obtained divorces from their respective spouses and were married. In 1951 the couple returned to Hew York City as man and wife. In January, 1957, when Linda testified that she first informed her mother of her lurid past, appellant’s former wife Elizabeth was arranging to take him back. When his former wife was reminded upon the witness stand that he was no longer her husband, she answered: “Ho, he is not my husband yet.” When Ida Porcaro was questioned upon the same topic, she testified:
*251 “ Q. Do you know today, madam, whether or not he is back with his first wife and three children? A. I take it for granted he is, sir.”
Although Ida denied telling appellant that she would see him rot in jail before rejoining his first wife, a remark ascribed to her elsewhere in the testimony, this pivotal event occurred precisely when the child is supposed to have unfolded this long, sordid story of her personal life. In fact Linda testified that she told her mother that she had sexual intercourse with her stepfather through her genitals again on that very day.
Two days after this conversation and on January 29, 1957 (the day on which appellant was arrested) the mother took this child to a doctor for physical examination, but the doctor’s findings were not disclosed. Timely and repeated demands by appellant were refused for a physical examination of the child. When on the trial appellant’s counsel called upon the prosecution to stipulate that Linda was examined at her mother’s instance by a doctor on January 27th, 28th or 29th, 1957 and found to be virginal, the Assistant District Attorney refused to concede this “ on the ground it is immaterial.” The theory on which it was claimed to be immaterial is that penetration is not an element of oral sodomy, second degree assault, or impairing morals for which appellant was indicted. This reasoning misses the point that penetration would have occurred if the morals of this child had been impaired in the manner to which she testified. In answer to questions by the Assistant District Attorney, she testified that during four years appellant repeatedly inserted his sexual organ into her private parts, the last occasion on January 27, 1957. The prosecution depended entirely upon the truth of the narrative of this child. If a physical examination of the child had revealed a broken hymen, appellant would not necessarily have been implicated. Upon the other hand, if her hymen were found to have been intact, the child’s entire testimony would have been discredited. Whatever may be the rule regarding physical examinations under other circumstances, common fairness requires that a defendant in a criminal action shall be allowed to have a physical examination in order to learn whether a complaining witness is in a condition in which she would be likely to have been if her testi *252 mony were true, provided that the testimony is material as this was.
Although this child was sworn, so that the express statutory requirement of section 392 of the Code of Criminal Procedure does not apply, the evidence against appellant in this record is not of the clear and convincing kind which is necessary in order to sustain a conviction of this type (People v. Meyers, 309 N. Y. 837; People v. Dutton, 305 N. Y. 632; People v. Rosen, 293 N. Y. 683; People v. Derner, 288 N. Y. 599; People v. Slaughter, 278 N. Y. 479; People v. churgin, 261 N. Y. 661).
For the reasons stated in People v. Oyola (6 N Y 2d 259, supra), the judgment of conviction should be reversed and the indictment dismissed.