Gabrielli, J.
The appellant has been convicted of public lewdness in violation of section 245.00 of the Penal Law following a jury trial in the Justice Court of the Town of Queensbury, Warren County. On this appeal, Nisoff challenges the propriety of his conviction on three grounds all of which have to do with the modicum of corroboration required of a 10-year-old complainant in a prosecution for public lewdness: *563 first, it is argued that the Justice Court abused the discretion afforded it by CPL 60.20 (subd 2) in permitting the 10-year-old complainant to give sworn testimony; secondly, it is asserted that the trial court erred as a matter of law when it decided that the complainant’s eight-year-old sister possessed sufficient intelligence and capacity to justify the reception of her unsworn testimony; and, thirdly, it is averred that although the Penal Law does not mandate that the testimony of the complainant in a public lewdness prosecution be corroborated, such a requirement is implicitly imposed upon the People by the applicable case law.
.At approximately 4:50 p.m. on January 15, 1972, Claire Sullivan, then slightly more than 10 and a half years old, and her sister, Helen, who was one month away from her eighth birthday, were walking on a road near their home when a car stopped abreast of them on the opposite side of the road. The driver, who was the only person in the vehicle, asked the girls for directions to the high school and then asked the girls to come closer to the car as he was hard of hearing. At this juncture, the driver sought directions to the hospital stating that he had hurt himself. As the girls neared the vehicle, the driver exposed himself and invited the girls to feel his private parts, whereupon the girls ran home.
When Claire was called to the stand the Trial Justice conducted a voir dire pursuant to CPL 60.20 (subd 2) in order to ascertain whether the 10-year-old witness understood the nature of an oath. Under questioning by the District Attorney, Claire answered that an oath meant "To swear to tell the truth”. Further preliminary examination disclosed that Claire was a fifth grade student with a scholastic average of 87%, that she was able to articulate the difference between right and wrong, that she was aware of the fact that telling a lie was wrong and that lying was a sin for which she would be punished by both God and her parents. Claire’s adherence to these tenets remained unshaken after examination by the appellant’s counsel. At the conclusion of the voir dire and after asking Claire several material and germane questions, the Trial Justice ruled he was satisfied that the witness possessed sufficient intelligence and capacity to testify in the criminal proceeding, and he further opined that Claire knew and understood the nature of an oath. That being the case, the Justice Court ruled that Claire be permitted to give sworn testimony.
*564 Prior to receiving any direct evidence as to the offense in question, the Justice proceeded to conduct a preliminary examination of Helen Sullivan, who was then eight years old. The voir dire of Helen disclosed that she was a second grade student with good grades in her classroom activities. However, although she was able to recite an acceptable definition of the word "oath”, it became apparent that Helen did not fully understand its complete meaning and nature. Further questioning of this young girl revealed that she was able to differentiate between right and wrong, that she was well acquainted with her classroom activities and that she knew lying was a sin for which she would be punished by her parents. At the conclusion of the preliminary examination, the trial court was not satisfied that Helen understood the nature of an oath, but decided that she possessed sufficient intelligence and capacity to give unsworn testimony (CPL 60.20, subd 2).
On direct ’ examination by the District Attorney, Claire identified the appellant as the man who had exposed himself to her. She described the trousers and the jacket worn by the perpetrator of this offense and further stated that the man was driving a blue car with a white top and white seats. She also testified that when she and her sister approached the appellant’s parked car at his request, she saw that the zipper of his trousers was open and that he was holding his "private” in his hand. This witness went on to state that she and her sister had left the home of a neighbor at approximately 4:45 p.m. and that this incident occurred 5 to 10 minutes later. Finally, Claire testified that three cars had passed by as she and her sister conversed with the appellant and that one of these vehicles had been operated by Paul Bednarowski.
Helen testified that although she was fairly close to the appellant’s vehicle, she did not see him expose himself. However, in this respect she did not contradict her sister and it was established that she had not actually looked into the interior of the vehicle. Helen also identified the appellant as the individual who had asked directions of herself and her sister. Charlotte Dittrich testified that the Sullivan girls had left her house at 4:45 p.m. for their home.
Paul Bednarowski stated that he had seen the two girls in the proximity of a vehicle parked on the right hand side of Mountain View Road at some time shortly before 5:00 p.m. He *565 further testified that there was only one person in the parked car, but he was unable to identify this individual.
At the outset, it should be noted that the common law did not require corroboration of the prosecutrix in any offense against the chastity of women. The testimony of the female victim alone was sufficient to support a conviction (7 Wigmore, Evidence [3d ed], § 2061; People v Porcaro, 6 NY2d 248, 253). Thus, the requirement of corroboration in criminal proceedings is of statutory origin (People v Porcaro, supra, p 253). Under the applicable rules of evidence contained in both the Penal Law and the CPL, only testimony with regard to certain types of offenses and the testimony of particular witnesses need be corroborated. The Penal Law mandates that corroboration of the victim’s testimony be supplied in the following seven instances due to the nature of the crime charged: (Penal Law, § 115.15 [criminal facilitation]; Penal Law, § 130.16 [certain other sex offenses]; Penal Law, § 165.65 [criminal possession of stolen property]; Penal Law, § 210.50 [perjury and related offenses]; Penal Law, § 230.35 [promoting prostitution]; Penal Law, § 255.30 [adultery and incest]; and Penal Law, § 260.11 [endangering the welfare of a child]). For reasons having nothing to do with the particular crime charged, the CPL requires corroboration in the following three instances when the proffered testimony is supplied by certain types of witnesses: (CPL 60.20, subd 3 [unsworn testimony]; CPL 60.22, subd 3 [testimony of an accomplice]; and CPL 60.50 [statements of the defendant]).
Having drawn this distinction between the types of crimes and the testimony of the variety of witnesses who must be corroborated, it becomes readily apparent that appellant’s contentions present aspects of both categories of corroboration. More specifically, Nisoff initially argues that the trial court erroneously permitted the 10-year-old complainant to give sworn testimony, and that had it not done so, the complainant’s unsworn testimony would have been required to be corroborated (CPL 60.20, subd 3). Secondly, and quite apart from the complainant’s testimonial capacity, the appellant asserts that the crime of public lewdness by its very nature requires corroboration despite the absence of any such legislative directive to that effect in the Penal Law.
There is no precise age at which a child is deemed competent to testify under oath in a criminal proceeding. However, under CPL 60.20 (subd 2), a rebuttable presumption exists *566 that an infant less than 12 years old is not competent to be sworn (People v Klein, 266 NY 188; Richardson, Evidence [10th ed], § 390). Moreover, the infant witness must not only demonstrate sufficient intelligence and capacity to justify the reception of his or her testimony, but it must also be clear that he knows, understands and appreciates the nature of an oath before the trial court may permit the reception of sworn testimony. The tests as to the infant’s testimonial capacity and ability to understand the nature of an oath are necessarily individualistic in nature and are to be determined by "the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as his duty to tell the former.” (Wheeler v United States, 159 US 523, 524.)
CPL 60.20 (subd 2) affords the trial court a degree of latitude in determining whether to accept the sworn testimony of a child less than 12 years old, and in this regard it embodies the rule of law set forth in Wheeler v United States (supra, pp 524-525) wherein it was stated that: "The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession .or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous.”
Applying this criteria to the appeal before us, we conclude that the Trial Justice followed the strictures of CPL 60.20 (subd 2) and that his decision permitting Claire Sullivan to give sworn testimony was supported by the preliminary examination of this witness. That being the case, the trial court’s determination was perfectly proper and may not be disturbed by this court (People v Yonko, 34 NY2d 825; People v Washor, 196 NY 104; see, also, 2 Wigmore, Evidence [3d ed], § 507). Thus, Claire’s testimony did not need to be corroborated in accordance with the provision of CPL 60.20 (subd 3).
For precisely the same reasons, we affirm the trial court’s decision permitting Helen Sullivan to give unsworn testimony. Although it was obvious that this witness did not understand the nature of an oath, the voir dire of this witness demonstrated that she undoubtedly possessed the requisite capacity *567 and intelligence to justify the reception of her unsworn testimony (CPL 60.20, subd 2).
In support of his argument that the very nature of the crime of public lewdness requires that it be corroborated, the appellant relies heavily upon then Judge Fuld’s concurring opinion in People v Porcaro (6 NY2d 248, 252 supra), in which it was stated that this court was not precluded from making corollary provisions regarding corroboration where judicial experience indicates the necessity to do so in order to safeguard the rights of the accused. The defendant in that case was charged with sodomy and impairing the morals of a child, and, at the time of his conviction, neither of these crimes were required to be corroborated.* The majority opinion in Porcaro, addressing itself to the quality of the proof, held that the sworn testimony of the 10-year-old victim, which was the only evidence against the defendant, was "not of the clear and convincing kind which is necessary in order to sustain a conviction of this type” (p 252).
It is significant that Porcaro arose out of a matrimonial dispute and that as a result of the unique factual setting of the case the complainant’s sworn testimony was inherently suspect. The majority of this court refused to exercise a judicial prerogative to formulate rules of corroboration and merely ruled that the sworn testimony alone would not suffice to sustain the conviction.
We today reaffirm the majority holding in Porcaro and declare that in the absence of a statutory requirement of corroboration the scope of our review should be limited to ascertaining whether or not the evidence against the accused is otherwise satisfactory under legal standards. When this standard is applied to the instant case, the record discloses that there is ample evidence of a clear and convincing variety which supports the appellant’s public lewdness conviction. Both young girls identified the appellant as the individual who initially stopped his car to ask them for directions. Additionally, two other witnesses substantiated their presence on the road in question at the time of the incident. Furthermore, one of the witnesses actually observed the girls talking to the driver of the parked car. Finally, unlike the Porcaro case, the testimony provided by Claire Sullivan did not have its genesis *568 in a matrimonial dispute and certainly does not appear to be inherently suspect.
Accordingly, the order should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

 Today corroboration of these crimes is required by sections 130.16 and 260.11 of the Penal Law.