■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC KALICKI, Appellant.—Judgment unanimously modified, on the law, in accordance with memorandum and, as modified, affirmed. Memorandum: Defendant was convicted of sodomy in the first degree and sexual abuse in the first degree and four misdemeanors. Since sexual abuse is a lesser

included crime of sodomy in the first degree, the conviction of sexual abuse, first degree (count four of the indictment), should be dismissed *(People v De Jesus,* 46 AD2d 868; see *People v Ridout,* 46 AD2d 643; *People v Droz,* 46 AD2d 751). It would appear that the major contention made by defendant on this appeal is addressed to counts one and four. Inasmuch as we are dismissing count four the only count remaining for our consideration is count one, sodomy in the first degree. Defendant challenges this conviction on the ground that the victim, David, was not sworn as a witness and that corroboration by his brother, Thomas, who was sworn, fatally flaws the conviction. The trial court decided on this procedure after questioning both the victim and his brother as to their knowledge of the nature of an oath. The victim in these two counts was seven years of age and his brother 10 years of age at the time of the trial. CPL 60.20 states: "2. Every witness more than twelve years old may testify only under oath. A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath. If the court is not so satisfied, such child may nevertheless be permitted to give unsworn evidence if the court is satisfied that he possesses sufficient intelligence and capacity to justify the reception thereof. 3. A defendant may not be convicted of an offense solely upon the unsworn evidence of a child less than twelve years old, given pursuant to subdivision two." A child under 12 is presumed to be incompetent to be sworn as a witness *(People v Klein,* 266 NY 188) and this presumption is not rebutted until after a proper preliminary examination by the Judge. The record demonstrates that the trial court conducted a proper preliminary examination upon which it based its decision. Recently the Court of Appeals in *People v Nisoff* (36 NY2d 560) clarified any doubt that might have existed relative to the court's discretion under CPL 60.20 (subd 2). In that case defendant was convicted of public lewdness upon the testimony of the complainant who was 10 years of age and the testimony of the complainant's eight-year-old sister. Both were permitted to testify though unsworn. The court stated (p 565): "There is no precise age at which a child is deemed competent to testify under oath in a criminal proceeding. However, under CPL 60.20 (subd 2), a rebuttable presumption exists that an infant less than 12 years old is not competent to be sworn [citations omitted]. Moreover, the infant witness must not only demonstrate sufficient intelligence and capacity to justify the reception of his or her testimony, but it must also be clear that he knows, understands and appreciates the nature of an oath before the trial court may permit the reception of sworn testimony." The *Nisoff* decision followed the principle asserted in *Wheeler v United States* (159 US 523, 524-525), where the court stated: "The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath." In *Nisoff* the court distinguished the instant case from *People v Porcaro* (6 NY2d 248) when it stated (36 NY2d 560, 567): "It is significant that *Porcaro* arose out of a matrimonial dispute and that as a result of the unique factual setting of the case the complainant's sworn testimony was inherently suspect. The majority of this court refused to exercise a judicial prerogative to formulate rules of corroboration and merely ruled that the sworn testimony alone would not suffice to sustain the conviction." Other than the difference in the charge and the gender of the witnesses, the factual situation in *Nisoff* is almost identical to that which is presented here. The record is clear and convincing and amply supports the conviction. The

question of whether youthful offender treatment shall be afforded to a defendant is within the province of the trial court and once it makes a determination in the exercise of its discretion and in the interest of justice (CPL 720.20) it should not be disturbed. We reversed a denial of an application for youthful offender treatment in *People v Kerr* (43 AD2d 895–896) stating: "Among the factors to be considered are circumstances surrounding the commission of the crime charged, the defendant's previous reputation and his attitude toward society [citation omitted]." In the instant case the record of defendant's conduct and general demeanor justified the court's decision not to confer youthful offender status on defendant. We have examined the other points raised by the appellant and find them without merit. (Appeal from judgment of Wyoming County Court convicting defendant of sodomy, first degree, and sexual abuse, first and second degrees.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.