*474 OPINION OF THE COURT
Joseph Harris, J.
Defendant stands indicted for two counts of sodomy in the third degree upon one J. P., three counts of sodomy in the third degree upon one C. V., and one count of sexual abuse in the second degree upon one L. G. The sodomy counts are class E felonies and the sexual abuse count is a class A misdemeanor. All counts are "statutory” in nature, in that lack of consent is based upon the fact of infancy, J. P. having been 16 years of age at the time of the incidents involving him, C. V. having been 14 years of age, and L. G., 13 years old.
Defendant has moved to dismiss the indictment upon the grounds of insufficient legal evidence before the Grand Jury to corroborate the testimony of the alleged victims as required by section 130.16 of the Penal Law.
Section 130.16 of the Penal Law reads as follows:
"§ 130.16 Sex offenses; corroboration.
"A person shall not be convicted of consensual sodomy, or an attempt to commit the same, or of any offense defined in this article of which lack of consent is an element but results solely from incapacity to consent because of the alleged victim’s age, mental defect, or mental incapacity, or an attempt to. commit the same, solely on the testimony of the alleged victim, unsupported by other evidence tending to:
"(a) Establish that an attempt was made to engage the alleged victim in sexual intercourse, deviate sexual intercourse, or sexual contact, as the case may be, at the time of the alleged occurrence; and
"(b) Connect the defendant with the commission of the offense or attempted offense.”
The corroboration requirement in this case is an anomaly. While it might serve a useful purpose where the complainant is a child of tender years, it may be subvertive of justice in cases such as this one where the complainants are teen-age boys, under the age of 17, whose testimony can be readily meausured by a jury by application of the same standards and rules of credibility used to weigh the testimony of older witnesses for whom corroboration is not required.
Indeed the illogic becomes more evident when one considers that corroboration of the testimony of teen-age complainants under the age of 17 is not required for forcible sex offenses or for nonsex offenses. If the complainants in this case had *475 alleged against the defendant acts of forcible sodomy — indeed, if they had charged him with attempted murder — both offenses punishable by imprisonment for 25 years as against 7 years for the statutory charges here in fact alleged — the jury would be free to believe or disbelieve the testimony of the complainants and to convict or acquit the defendant on that testimony alone, the same as it does with older complainants.
At common law the. testimony of any victim of any sex offense, male or female, was not required to be corroborated. Such testimony alone was sufficient to support a conviction (7 Wigmore, Evidence [3d ed], § 2061). The requirement of corroboration, that is, the necessity to produce independent evidence supporting the testimony of the alleged victim, is of statutory origin, and it is only very recently that it was required at all in cases of sodomy, either forcible or statutory. (See, dissenting opn, Burke, J., People v Porcaro, 6 NY2d 248, 253; People v Oyóla, 6 NY2d 259.)
Illicit sexual acts are usually performed in secret, out of view of corroborating witnesses. In cases of both anal and oral sodomy there is little chance, if any, of obtaining corroborative physical evidence.
The original justification for the corroboration requirement in sex offense cases lies in the chauvinistic argument that women are prone to sexual fantasies and given to "contriving false charges of sexual offenses by men.” The great proponent of this argument was the celebrated and otherwise rightfully distinguished Professor John Henry Wigmore, the author of the classic 10-volume work entitled "A Treatise on the AngloAmercian System of Evidence in Trials at Common Law” (3 Wigmore, Evidence [3d ed], p 459).
This argument was discredited by chapter 14 of the Laws of 1974 which repealed section 130.15 of the Penal Law and enacted section 130.16 of the Penal Law: "Furthermore, the implicit suggestion in the corroboration rule that the testimony of women, who are most often complainants in sex cases, is inherently suspect and should not be trusted without the support of the independent evidence, is without justification and contrary to our strong belief in the principle of complete equality for women in our society.” (Governor’s approval memorandum, NY Legis Ann, 1974, pp 371-372.)
Section 130.16 did away with the corroboration requirement for forcible sex offense charges but retained it for the statutory sex offenses, those where lack of consent is an element *476 but results solely from incapacity to consent because of the alleged victim’s age, mental defect, or mental incapacity. Thus the new section purported to do away with sex discrimination by making no distinction with respect to the probable trustworthiness of the alleged victim based upon sex, and to take cognizance only of the age and mental condition of the alleged victim regardless of sex.
Nevertheless, sex discrimination remains, for the only corroboration requirement in the law based on the nature of the offense is that required for the sex offenses and offenses related thereto. There is no corroboration requirement for attempted homicides, assaults, robberies, or burglaries. For these serious crimes the regular rules of credibility and the standard of reasonable doubt seem sufficient. But not for sex offenses! And now superimposed upon the sex discrimination inherent in the existence of section 130.16 of the Penal Law is an unwarranted age discrimination that makes courts go to great and tortuous cerebral gymnastics to satisfy an unnecessary corroboration requirement — that often results in heinous and vicious sexual assaults upon children going unpunished— when the regular rules of credibility and the standard of reasonable doubt would suffice, as it does in the case of other serious but nonsexual offenses.
And how degrading it is that teen-agers under the age of 17 years, who have been sexually assaulted, are lumped together, as far as their trustworthiness is concerned, with mental defectives and mental deficients. They can themselves be held criminally responsible for many serious violations of the Penal Law and convicted upon the uncorroborated testimony of others, but when they themselves are victims of certain sexual assaults they are deemed untrustworthy.
Indeed it may be that section 130.16 of the Penal Law violates the constitutional right of teen-agers under the age of 17 years to the equal protection of the laws. Inasmuch as the court has in fact found sufficient corroboration in this case to satisfy section 130.16 of the Penal Law it is not necessary to reach this constitutional issue. However, in any event it would be preferable for the Legislature to take the initiative to remedy this inequitable situation.
The evidence shows that J. P., C. V., and L. G. were each, at the time of the offenses charged herein, residents of a certain group home for young boys in the City of Albany, and each was known to the other.
*477 J. P. testified that in December, 1977 he was approached by the defendant at a doughnut shop in the City of Albany and asked by him to go to the defendant’s apartment. He visited the defendant’s apartment several times and on the date alleged in the indictment, December 29, 1977, the defendant performed upon complainant J. P. several acts of deviate sexual intercourse, both anal and oral.
J. P. further testified that the defendant kept "bugging” him to bring complainant C. V. to the apartment so that he, defendant, could commit an act of anal intercourse upon said C. V.[1] Ultimately J. P. complied and brought C. V. to defendant’s apartment.
C. V. testified that he was brought to the defendant’s apartment by J. P. sometime prior to August, 1978. On or about the dates alleged in the indictment, August 25, 29, and 30, 1978, the defendant performed upon C. V. several acts of deviate sexual intercourse, both anal and oral.
L. G. testified that he was brought to the defendant’s apartment by C. V. On or about September 1, 1978, the defendant attempted to commit an act of anal intercourse upon L. G.
The evidence was not well developed in the Grand Jury presentation. It is not clear whether any person other than the defendant and the respective alleged victim were present at the time of any of the alleged acts of sodomy. However, the court feels that in each case there was sufficient evidence to satisfy the corroboration requirement and to sustain the indictment and each count thereof.
There is clearly no problem with the three counts relating to sodomy upon complainant C. V. Corroboration is readily and sufficiently supplied by the testimony of J. P. that the defendant persistently requested him to bring C. V. to the defendant’s apartment so that defendant could perform upon C. V. an act of anal intercourse, followed by J. P.’s bringing C. V. to the apartment, followed by C. V.’s testimony of execution by the defendant of the threatened act.
A threat to do an act is some evidence that the act threatened was attempted or accomplished (People v Jones, 99 NY 667; People v O’Sullivan, 104 NY 481; Richardson, Evidence [10th ed], § 166).
There is little more difficulty in the cases involving J. P. and *478 L. G. However, even here the court feels there is sufficient corroboration. It must be remembered that the corroboration rule set forth in section 130.16 of the Penal Law does not require a specific quantum of evidence in support of the testimony of the alleged victim. It requires only there be "other evidence tending to: (a) Establish that an attempt was made to engage the alleged victim in * * * deviate sexual intercourse * * * and (b) Connect the defendant with the commission of the offense or attempted offense.” (Emphasis added.) This corroborative evidence need not by itself be sufficient to sustain a conviction. (People v Ruberto, 10 NY2d 428.)
In all three cases the second prong of the corroboration rule is readily satisfied. Going forward in time, in each succeeding case it is the preceding alleged victim that introduces the subsequent alleged victim to the defendant. This readily connects the defendant as the perpetrator of the culpable acts charged. With respect to the first of the cases, that of J. P., this argument works just as well in reverse. Thus, if the acts of sodomy and attempted sodomy complained of in fact occurred, there is no question but that there is sufficient corroboration of the defendant as the person committing them (Matter of Jose G., 68 Misc 2d 1043, 1049; People v Kennedy, 27 NY2d 551; People v Condon, 26 NY2d 139; People v Molineux, 168 NY 264).
In People v Fielding (39 NY2d 607, 612) the Court of Appeals stated: "Indeed, the very nature of the crimes and defendant’s method of committing them connects, let alone tends to connect, defendant, all but conclusively, with the commission of all the crimes” (citing with approval Matter of Jose G., supra). This analysis fits all three of the instant cases like a glove.
With respect to the first prong of the corroboration rule of section 130.16 of the Penal Law, People v Bravender (35 AD2d 1035) is instructive. In that case the complainant was an eight-year-old girl who testified that she was playing in a church yard when the defendant appeared in the church door wearing vestments and summoned her to the church to "come in and do him a favor”; she entered the church and on two different occasions the defendant engaged in an act of deviate sexual intercourse with her. Complainant’s brother observed her enter the church with defendant. A few minutes later he entered the church and found his sister crying. Complainant *479 related to her brother what the defendant had done, but the brother did not actually see the acts of deviate sexual intercourse. Upon this evidence, even in the absence of eyewitness testimony or medical or physical evidence of an attempt to engage the little girl in deviate sexual intercourse, the court held the corroboration rule was satisfied.
Said the court: "The testimony of the complainant, her brother, and her girl friend of the presence of defendant in the church, his summons to complainant to join him, her immediate emotional reaction and her report of the incident to her brothers, when taken as a whole, are sufficient corroboration of complainant’s story. Circumstantial evidence of corroboration is sufficient if it affords proof of circumstances legitimately tending to show the existence of the material facts of the crime. ” (People v Bravender, 35 AD2d 1035, supra; emphasis added.)
In People v Dow (34 AD2d 224, 229), at a time when it was required that the forcible nature of the intercourse in a charge of forcible rape be corroborated, the court stated that the corroborating evidence need not be positive and direct, but may be circumstantial only, and that the jury was free to consider on the forcible nature of the intercourse the fact "that complainant was a married woman at home alone with her eight-month-old baby; that she did not previously know the defendant nor had she ever seen him before the day of the crime.”
It appears from Bravender and Dow, as well as from the history of the development of the corroboration rule in sex offense cases (as well as the history of its partial demise), that the purpose of the rule is merely to establish the trustworthiness of the complainant rather than to prove the charge itself. Thus the corroborative evidence that seems to be required in those cases where the complainant’s testimony traverses each element of the alleged crime is evidence related more directly to the credibility of the complainant than to independent proof of an element of the crime itself.
In the instant case there clearly appears to be a common scheme or plan in the alleged activities of the defendant. Each of the alleged victims is a young boy, resident at the same group home in the defendant’s neighborhood; each of the criminal acts and attempted criminal acts are alleged to have occurred in the defendant’s apartment; each succeeding alleged victim is introduced to the defendant and brought to his *480 apartment by the preceding alleged victim at the request of the defendant; each of the criminal acts alleged are similar in nature, acts or attempted acts of anal and oral sodomy.
In the celebrated case of People v Molineux (168 NY 264, supra) the Court of Appeals held that while evidence of other crimes was not admissible if its purpose was to show "criminal disposition” on the part of the defendant, it was admissible where evidence of the collateral criminal act was relevant to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) the identity of the perpetrator of the crime charged; or (5) a common scheme or plan embracing the commission of two or more crimes, so related to each other that proof of the one tends to establish the other.[2]
It being clear that the alleged activities of the defendant in the instant case constitute a common scheme or plan, then the corroborated alleged crime against complaint C. V. provides satisfactory corroboration in the cases of complainants J. P. and L. G. Certainly proof of the allegations in the case of C. V. enhances the reliability and credibility of J. P. and L. G. and raises the trustworthiness of their accusations to a level at which, if the jury believes their testimony, the criminal justice system need reasonably not fear that the judgment of conviction may be based on a fabricated accusation. Thus the spirit and purpose of the corroboration rule, as well as its letter, are satisfied by this analysis. (Cf. People v Fasano, 11 NY2d 436; see, also, People v Ryan, 12 AD2d 841.)
As previously stated, the charges against defendant in the case of complainant C. V. are satisfactorily corroborated by the testimony of complainant J. P. that the defendant requested him to bring C. V. to defendant’s apartment so that defendant could perform an act of sodomy on him. Thus the corroboration that is satisfactory in the matter of C. V. is wholly dependent of the trustworthiness of J. P. It would be an unwarranted paradox under the totality of the circumstances of this case to allow the jury to convict in the matter of C. V., by crediting the trustworthiness of the testimony of J. P. as it relates to the alleged threat by the defendant against C. V., and not to allow the jury to convict in the matter of J. P. upon crediting the balance of J. P.’s testimony that the defendant performed acts of sodomy upon him.
*481 The situation might be different if none of the three cases were individually corroborated. Then there would be no enhancement of the trustworthiness of any of the cases. But where one case involved in a common scheme or plan can stand by itself — i.e., the trustworthiness of that charge, if believed, would be sufficient to sustain a conviction — it enhances the trustworthiness of the other cases involved in that common scheme or plan and may under the totality of the circumstances supply the corroboration required in each case.[3]
It is interesting to note, as well as instructive, that in People v Oyóla (6 NY2d 259, 261, supra) where the statute concerning testimony of children under 12 years of age required corroboration only in the case of unsworn testimony, and where the Trial Judge allowed the 10-year-old female complainant to testify under oath, for which situation there was no statutory corroboration requirement, the Court of Appeals fashioned its own judicial corroboration rule that stated in essence that a defendant could not be held to have been proven guilty beyond a reasonable doubt solely upon the testimony of an infant less than 12 years of age, sworn or unsworn, unless there was at least "circumstantial evidence lending credibility to the testimony” of the infant. This again buttresses the view that the true analysis respecting the sufficiency of corroborative evidence in cases where each and every element of the crime charged has been traversed by the testiomny of the complainant, is the quantum level by which such corroborative evidence has raised the credibility or trustworthiness of the complainant’s testimony. (See, also, People v Porcaro, 6 NY2d 248, supra; People v Fuller, 66 AD2d 27.)
Another line of cases further buttresses this view. In People v Thompson (212 NY 249, 251, citing People v Molineux, supra) it was stated that evidence of criminal offenses other than that charged in the indictment[4] is admissible where it *482 has a "natural tendency” to establish the fact in controversy and "to corroborate or supplement admitted direct evidence.” The court held that in cases of statutory rape upon one under the age of consent (and other selected cases not here relevant, except that the application of the rule was extended to statutory sodomy by People v Porcaro, 6 NY2d 248, 258, supra; see Richardson, Evidence [10th ed], § 182), evidence of other similar crimes both before and after the act charged in the indictment, by and between the same parties, was admissible, on the theory that it shows a course of lascivious conduct and predisposition to the commission of the act charged: "In State v. Schueller (120 Minn. 26), a case of statutory rape, the reception of similar evidence was approved on the theory of disclosing the relationship between the parties, opportunity and inclination to commit the act complained of, and as corroborative of the specific charge. The reasoning and conclusion of such decisions have our approval.” (People v Thompson, 212 NY 249, 252-253, supra.)
In People v O’Sullivan (104 NY 481, 484, supra) the court permitted a complainant to testify in a forcible rape case that the defendant had made other similar attempts upon her, the court stating that "where a prisoner is tried for a particular crime, it is always competent to show, upon the question of his guilt, that he had made an attempt at some prior time, not too distant, to commit the same offense”, against the same victim.
In the instant case, of course, the acts of sodomy sought to cross-corroborate each other were not performed upon the same alleged victim. But in the case of a common scheme or plan such as here, where each of the alleged victims were young boys living together in the same group home, where each alleged victim was introduced to the defendant and brought to the defendant’s apartment by the preceding alleged victim, where each alleged act of sodomy occurred at the defendant’s apartment under the same circumstances, and where at least one of the cases is separately corroborated, it appears wholly reasonable to consider each of the alleged victims as alter egos, and thus in effect one and the same victim, in which case the evidence of each case, under O’Sulli *483 van (supra), would be admissible to prove the other, and each would be corroborative of the other.
It is further probative of the issue here that the original rationale of the corroboration requirement in sex offense cases, now of course discredited, is that a substantial number of young girls and women are given to sexual fantasies and to "contriving false charges of sexual offenses by men” (3 Wig-more, Evidence [3d ed], p 459). Even if this were true it would hardly apply to complaints of sodomy by young boys. And in the instant case there is no evidence that "animosity” prompted the complaints; indeed, on the contrary, except for the alleged nefarious acts of sodomy, the defendant was good to the complainants. Thus these complaints are not inherently suspect.
Upon all the evidence before the Grand Jury, the court finds that with respect to each count of the indictment there was before the Grand Jury, in addition to the testimony of the alleged victim involved therein, other evidence tending to establish that an attempt was made to engage the alleged victim in deviate sexual intercourse at the time of the alleged occurrence, and to connect the defendant with the commission of the offense or attempted offense; thus the corroboration requirement of section 130.16 of the Penal Law has been met. The court further finds that there was sufficient legal evidence before the Grand Jury to sustain the offenses charged in each of the counts of the indictment. Accordingly, the motion of the defendant to dismiss the indictment and each count thereof for alleged failure of sufficient legal evidence to sustain same is in all respects denied.

. The actual words communicating the proposed act of deviate sexual intercourse are more descriptive; the above is the substance thereof.

. The categories of relevancy in the Molineux case are illustrative only. There is no closed category of relevancy. (Richardson, Evidence [10th ed], § 170.)

. Mathematically this can be expressed as three times zero is still zero, but three times one is three.

. The general rule is that where other criminal acts of the defendant have substantial probative value to prove the crime charged, they are admissible, "for in that event the evidence is relevant for a purpose other than to show a criminal disposition and its probative value is deemed to outweigh the danger of prejudice.” (People v McKinney, 24 NY2d 180, 184.) In the instance case the "other” criminal acts sought to be used to corroborate each of the cases are themselves one of the cases involved and properly joined in the indictment itself pursuant to CPL 200.20. These "other” criminal acts are in fact charged and provable under the indictment regardless of their relevancy to the corroboration question involved here; thus there is no *482 danger of additional prejudice to the defendant in the instant case by the consideration upon the corroboration question of "other criminal acts” not otherwise admissible.