■ In the Matter of DONALD F., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order unanimously affirmed. Memorandum: In affirming the Erie County Family Court we find it necessary to comment only on the claim, raised for the first time upon appeal, that Family Court lacked subject matter jurisdiction in this juvenile delinquency proceeding since there was no proof at the fact-finding hearing that respondent was less than 16 years of age at the time of the incident. This proceeding is governed by the former provisions of article 7 of the Family Court Act which were repealed by chapter 920 of the Laws of 1982 (eff July 1, 1983). The petition alleged that respondent ,was a juvenile delinquent, that he was born on December 4, 1965 and that he "was over seven and less than sixteen years of age at the time of the [incident]". These allegations were sufficient to confer on the court exclusive original jurisdiction over the proceeding (Family Ct Act, § 713; see NY Const, art VI, § 13, subd b). Since respondent never questioned the jurisdiction of the court, there was no need for petitioner to specifically demonstrate it (Siegel, NY Prac, § 8, p 10; see *Matter of Don R. B.,* 66 Misc 2d 279; contra *Matter of Smith,* 108 Misc 2d 1063; *Matter of Kalvin,* 99 Misc 2d 996). Furthermore, proof of jurisdiction is not required at a fact-finding hearing. A "fact-finding hearing" is defined as "a hearing to determine whether the respondent did the act or acts alleged in the petition which, if done by an adult, would constitute a crime." (Family Ct Act, § 712, subd [f].) At such a hearing the burden is on the petitioner to demonstrate beyond a reasonable doubt that respondent did the act or acts alleged (Family Ct Act, § 744, subd [b]). The age of respondent is not relevant to the sole question to be resolved at a fact-finding hearing, i.e., whether respondent did the act or acts alleged. Respondent's age, however, was in fact disclosed at the dispositional hearing and appeared in various probation reports which were made available to Family Court at that time. Respondent was 15 years old when the incident occurred and the Family Court, a court of limited jurisdiction, possessed subject matter jurisdiction. (Appeal from order of Erie County Family Court, Manz, J. — juvenile delinquency.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of DONALD TURNER, Appellant, v TOWN OF GRAND ISLAND BUILDING DEPARTMENT, Respondent. — Judgment unanimously affirmed, without costs, in accordance with the following memorandum: Petitioner's CPLR article 78 proceeding, challenging a decision of the town building inspector, must be dismissed for failure to exhaust administrative remedies (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375). Under local law, petitioner could have taken an administrative appeal to the Grand Island Zoning Board of Appeals (Ordinances of Town of Grand Island, §§ 49-30, 49-32, subd A, par [1]). His failure to do so precludes him from seeking article 78 relief (CPLR 7801, subd 1). (Appeal from judgment of Supreme Court, Erie County, Wolf, J. — art 78.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.