*960 OPINION OF THE COURT
Aaron B. Cohen, J.
FINDINGS OF FACT
The court is presented with a designated felony petition wherein the respondent is charged with sodomy in the first degree (Penal Law § 130.50 [3]); two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]); two counts of sexual abuse in the third degree (Penal Law § 130.55); and one count of sexual misconduct (Penal Law § 130.20).
At the trial, the presentment agency’s first witness was Megan H. Megan was only six years old at the time she testified. Pursuant to Family Court Act § 343.1, the court must make inquiry as to the ability of the child to give sworn testimony. The court, having made proper inquiry of the witness, is satisfied that she understands the nature of an oath and is capable of giving sworn testimony. (See, Wheeler v United States, 159 US 523, where the Supreme Court held it was not error to admit sworn testimony of five-year-old boy; People v Nisoff, 36 NY2d 560, Gabrielli, J., finding no precise age when child deemed competent to testify under oath in criminal matter, found 10 year old capable of giving sworn testimony; People v Rowell, 88 AD2d 647, revd on other grounds 59 NY2d 727, 11 year old found competent to testify; Jenson v Shady Pines, 32 AD2d 648, infant plaintiff, six at time of accident, found competent to testify after examination as to competency; Muscoreil v Pool Mart, 107 AD2d 1025, testimony of eight year old, if competent, is discoverable.)
After being sworn in, Megan described in detail how the respondent pulled down her pants, put her finger in her vagina and started to rotate it. Megan also described how respondent kissed her breasts and rubbed her finger in her behind. Megan also described how she tried to run out of the room where these acts took place. Megan testified to the fact that she did not give the respondent permission to perform these acts upon her.
Megan than explained that she saw the respondent, whom she identified in court, kiss and lick her brothers’ penises.
On cross-examination, Megan’s testimony established that she told her mother of the incident and that she told Detective Jones, who took her statement, of the incident. Though Megan could not remember the date and time of the incident, her account of the incident was unshaken. Furthermore, *961 Megan stated that something such as this had never happened to her friends and that she had never seen such things on television.
Cathy H., Megan’s mother, testified that Megan told her of the incidents that occurred on August 5, 1985, when the respondent baby-sat for her. Mrs. H. confronted the respondent, who denied doing anything to her children. She explained that, on the advice of her husband, she waited until August 8, 1985, when he came home from a business trip, to make the complaint to the police.
When respondent testified, she admitted that she baby-sat for the H.’s at the H.’s home on August 5, 1985; however, she denies touching Megan or kissing and licking her brothers’ penises.
CONCLUSIONS OF LAW
Respondent raises the issue of whether or not this court has jurisdiction in this matter and alleges improper venue.
Megan testified that she lived at President Lane when these incidents occurred. Furthermore, Megan H.’s statement, which was placed in evidence, gave her address as 123 President Lane, Westbury. Megan stated that she was in her home when the alleged acts occurred. Mrs. H. also acknowledged that it was in her home that respondent baby-sat on the night in question. Respondent also acknowledged that she arrived at the H.’s home to baby-sit on August 5, 1985 at 2:15 p.m. Petitioner has established that proper venue is in Nassau County. As stated in People v Botta (100 AD2d 311), the question of venue is not an element of the charged offense and it need only be proved by a preponderance of the evidence, rather than by proof beyond a reasonable doubt. Petitioner has clearly met its burden in this matter and proved that the offense occurred in Nassau County.
Respondent raises, further, the jurisdictional question that petitioner did not place into evidence the fact that respondent was under the age of 16. Respondent acknowledges the fact that such was contained in the petition and the court notes that respondent did testify that she was 14 years old when she was on the stand.
The Appellate Division has held that proof of jurisdiction is not required at a "fact-finding hearing”. (Matter of Donald F., 97 AD2d 980.) The petition was sufficient to confer jurisdiction. As with venue, this also is a matter that need be proved *962 only by a preponderance of the evidence, since it is not an element of the charged offense. (People v Botta, supra.) Once respondent raised the issue it was proved when respondent was on the stand. The only question to be resolved at the fact-finding hearing is whether or not the alleged acts were committed by the respondent. (Matter of Donald F., supra; see also, People v Haynes, 127 Misc 2d 188.)
Though respondent acknowledges that in 1984 Penal Law § 130.16 was amended so that corroboration is no longer needed, she asserts that other circumstantial evidence is necessary to sustain a conviction. Clearly, this was not the intention of the Legislature and the Governor on the enactment of this statute. The intent of the new law was to "correct * * * that deficiency in the law by entirely removing the corroboration requirement in sex offense cases in which the victim’s lack of consent is due solely to the victim’s age * * * [The bill promotes] more effective prosecution of these cases * * * Furthermore, no other offense against a child, including a sex offense involving forcible compulsion, requires corroborative evidence.” (Governor’s memorandum upon approving L 1984, ch 89; 1984 McKinney’s Session Laws of NY, at 3580; emphasis added.)
This court is guided by the Court of Appeals finding in People v Fuller (50 NY2d 628). That case, decided in 1980 (prior to the amendment of Penal Law § 130.16), held that "in the absence of any statutory requirement for corroboration, consonant with the reflection of social attitudes in prevailing legislative policy, the sworn testimony of a child complainant under the age of 12 need not be corroborated in a prosecution for her forcible rape.” (50 NY2d, at p 631.) Subsequent thereto, the Legislature amended the statute, striking the need for corroboration, not only in the case of forcible sex crimes, but also in sex crimes based upon the age of the complainant.
The court, in Fuller (supra), distinguished the cases of People v Oyola (6 NY2d 259) and People v Porcaro (6 NY2d 248), finding in both cases that the requirement of corroboration was not decisive. When such cases were decided, corroboration was required in both rape cases of adults and cases involving unsworn testimony of a child under 12. The deciding factor was whether or not the People proved their case beyond a reasonable doubt. The court in Fuller (supra) clearly holds that those cases do not impose a requirement of corroboration in all sex cases. (People v Fuller, 50 NY2d 628, 634.) In view of *963 the fact that Porcaro and Oyóla involved matrimonial disputes lurking in the background, there may have been a strong motive to falsify.
The Second Department has acknowledged in dictum that corroboration is no longer required in these types of sex crimes. (Sex crimes predicated upon consideration of the victim’s age.) In People v Dickson (112 AD2d 312), the court states that: "At the time of defendant’s trial, however, corroboration was required for the crimes of rape” (emphasis added). By using the verbiage "at the time of defendant’s trial”, the court is recognizing that, subsequent to the legislative amendment, corroboration is no longer required in such cases.
By virtue of the legislative action in 1984, read in conjunction with the finding in Fuller (supra), the testimony of a child in a nonforcible sex offense is sufficient to make a finding. The Court of Appeals, in the case of Fuller (supra), has recognized that a child’s testimony is sufficient to make a finding if there is no legislative requirement for corroboration. The Appellate Division has acknowledged that such legislative requirement has been removed. (See, People v Dickson, supra.)
Megan H.’s testimony was credible, coherent, clear, and consistent. Her testimony evinces proper orientation of the senses and feelings, with a child’s reaction to the conduct alleged as to the acts committed upon her. Despite the extensive and competent cross-examination, her testimony was not undermined by any apparent motive to fabricate or by its own inherent improbability or inconsistency and, standing by itself, it amounted to proof beyond a reasonable doubt. (See, People v Fuller, supra.)
Based upon all the evidence before it, the court finds that petitioner has proved count 3 (e) of the petition, sexual abuse in the first degree (Penal Law § 130.65 [3]), beyond a reasonable doubt and makes an affirmative finding.
The court dismisses charges (3) (a), sodomy in the first degree (Penal Law § 130.50 [3]); (b), sexual abuse in the first degree (Penal Law § 130.65 [3]); (c), sexual abuse in the third degree (Penal Law § 130.55); (d), sexual misconduct (Penal Law § 130.20); and (f), sexual abuse in the third degree (Penal Law § 130.55). Pursuant to the statute, there must be contact and the presentment agency’s petition is deficient in that it only charged the respondent with placing her mouth near the penis of Conor H. The presentment agency also failed to prove that respondent committed deviate sexual intercourse upon *964 Conor H. beyond a reasonable doubt. All the elements to prove such crime were not satisfied, as there was reasonable doubt in the court’s view as to whether Megan was able to see clearly into her brother’s room when respondent was there.
The matter is referred to the Nassau County Probation Department for an investigation and report, including psychiatric, psychological, and any other services deemed necessary. The matter is adjourned until April 17, 1986, for disposition.
Pursuant to Family Court Act § 311.1 (5), since the allegation of a designated felony act has been dismissed, the clerk shall strike the term "designated felony act petition” from the petition and change the index number.