■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered March 1, 1989, which, after a jury trial, convicted defendant of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree and sentenced him to concurrent indeterminate terms of imprisonment of from 7 to 21 years on the rape and sodomy convictions and from 1 to 3 years on the sexual abuse conviction, is unanimously reversed, on the law, and the matter remanded for a new trial.

Effective July 24, 1985, New York State enacted a law to ameliorate the emotional harm and psychological damage done to a child victim of a sexual molester which may result from the trauma of becoming a prosecution witness in open court and confronting the alleged offender face to face. The legislative response to this problem is embodied in CPL article 65, which attempts to balance two conflicting interests: protection of the child witness, without at the same time unduly impinging upon defendant's constitutional right to confrontation (see, Coy v Iowa, 487 US 1012). The statute accomplishes this goal by creating a new class of witness—the vulnerable child. If the court makes such a finding of vulnerability, the child may testify in a separate room before prosecution and defense counsel while the accused, the Judge and the jury remain in the courtroom viewing a simultaneous telecast of the testimony. Since defendant (and the jury) can view the witness, his rights of confrontation are not fatally diminished; on the other hand, the child witness can be insulated from direct exposure to the alleged molester, who frequently is an object of such terror for the child that the latter cannot function as a witness at all.

But, because the tensions created between defendant's constitutional rights and the child protection concerns are so great, the Court of Appeals in *People v Cintron* (75 NY2d 249) laid down certain stringent requirements which must be met by the court before a finding of witness vulnerability can lawfully be made and the child witness permitted to testify on closed-circuit TV out of the actual presence of the accused. It is not sufficient for the Trial Court Judge simply to observe the distress of the child or the child's inability to answer the questions in the presence of the accused. (That was the sole basis for the court's finding of vulnerability in this pre-*Cintron*

trial.) Now on remand, in order to pass constitutional muster, the trial court is required to conduct a *testimonial* hearing to establish vulnerability. To sustain such a determination, whether on motion before the commencement of a criminal proceeding (CPL 65.20 [1]) or during the trial (CPL 65.20 [10]), the court must make a finding on the record by a clear and convincing evidentiary standard that severe mental or emotional harm will ensue if the child is compelled to testify in the presence of the accused and that this situation results from extraordinary circumstances, examples of which are enumerated in CPL 65.20 (9) (a)-*(l)*. Accordingly, we are constrained by *Cintron* to reverse this conviction so that the proper statutory procedure may be followed if the child is again offered as a witness and found upon a proper record to be a vulnerable witness.

We find no error in various other trial rulings challenged by defendant. It was not an abuse of discretion to permit the seven-year-old (who now would be eight years of age) complaining witness to testify under oath. Voir dire established that she knew, understood and appreciated the nature of the oath *(People v Nisoff,* 36 NY2d 560, 566) and recognized its obligations and the consequences of giving false testimony *(People v Parks,* 41 NY2d 36, 46). The opinion rendered by the People's medical expert was not too speculative, since she was able to state it with a reasonable degree of certainty *(People v Allweiss,* 48 NY2d 40, 50).

Also without merit is defendant's claim that his guilt was not proven beyond a reasonable doubt. Complainant's testimony, corroborated in part by expert testimony, was sufficient to lead a rational trier of fact to conclude that the People had proven, beyond a reasonable doubt, the requisite elements of the crimes charged against defendant *(People v Contes,* 60 NY2d 620, 621). Additionally, defendant was not entitled to a missing witness charge, since the missing witness's testimony would only have been cumulative of complainant's mother's testimony with respect to complainant's report of the incident *(People v Gonzalez,* 68 NY2d 424). Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.