■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND W. HECK, Appellant. [645 NYS2d 681] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a jury trial convicting him of three counts of endangering the welfare of a child. Supreme Court did not abuse its discretion in denying defendant's motion for a mistrial (*see, People v Ortiz,* 54 NY2d 288, 292). The court's curative instruction sufficiently eliminated any prejudice that defendant may have suffered from the brief testimony concerning his uncharged criminal activity (*see, People v Santiago,* 52 NY2d 865; *see also, People v Brooks,* 213 AD2d 999, *lv denied* 85 NY2d 970; *see generally, People v Arce,* 42 NY2d 179, 187).

The court did not err in denying defendant's motion to strike the testimony of a prosecution witness based upon the prosecution's failure to supply defendant with a copy of the

witness's office notes. Those notes constitute *Rosario* material and should have been delivered to the defense prior to the prosecutor's opening statement (*see,* CPL 240.45 [1] [a]). However, it is well settled that, where the People merely delay in providing *Rosario* material, as opposed to failing to provide it, reversal is not required unless the defense is "substantially prejudiced by the delay" (*People v Ranghelle,* 69 NY2d 56, 63; *see also, People v Martinez,* 71 NY2d 937, 940). The court properly found that defendant did not make the required showing of substantial prejudice (*see, People v Smith,* 190 AD2d 1022, *lv denied* 81 NY2d 976; *cf., People v Thompson,* 71 NY2d 918). The notes in question concerned one office visit and were less than two pages in length, and defendant was afforded a brief recess to review the notes to allow him a fair opportunity to cross-examine the witness.

We further conclude that the court did not err in allowing the sworn testimony of the infant victims, two nine-year-old girls. The court appropriately determined their testimonial capacity and ability to understand the nature of an oath by evaluating their intelligence, and their " 'appreciation of the difference between truth and falsehood, as well as [their] duty to tell the former' " (*People v Nisoff,* 36 NY2d 560, 566, quoting *Wheeler v United States,* 159 US 523, 524). The determination of a child witness's testimonial capacity " 'rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath' " (*People v Nisoff, supra,* at 566, quoting *Wheeler v United States, supra,* at 524-525). The decision of a trial court will not be disturbed on appellate review unless clearly erroneous (*People v Nisoff, supra,* at 566; *see also, People v Parks,* 41 NY2d 36, 46).

Finally, we reject defendant's contentions that the proof is legally insufficient and that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Endangering Welfare Child.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.