John J. Christie, Appellant, *v.* David P. Mitchell et al., Respondents.

Fourth Department, March 2, 1960.

*Hoffenberg & Maas* (*George Hoffenberg, Leonard E. Maas* and *Benjamin Phelosof* of counsel), for appellant.

*Nixon, Hargrave, Devans & Dey* (*William H. Morris* and *Thomas E. Clement* of counsel), for respondents.

*Per Curiam.* The plaintiff, a New York State Police officer, was injured as the result of a collision between the police car that he was driving and an automobile driven by the defendant David P. Mitchell.

Plaintiff was patrolling a highway when he observed the defendants' car being driven in such a manner that in his opinion pursuit was required. He pursued the defendant operator for about seven miles at high rates of speed without succeeding in overtaking him. As the defendant approached a blinking red light at an intersection, he stopped. Plaintiff contends it was a sudden stop; defendant claims it was gradual. In any event, the plaintiff's car struck the left rear of the defendants' car and then continued out of control and collided forcibly with a light pole.

Plaintiff testified that the red blinker light atop his patrol car was in operation part of the time and that he had blown his siren. Defendant claims that he neither saw the light nor heard the siren. Plaintiff sought to show the speeds of the cars and all of

the facts of the pursuit during the entire seven-mile chase. The Trial Justice limited the proof to what had transpired within one-half mile of the scene of the accident on the theory that events that occurred before that limited distance were too remote. This was prejudicial error which requires a new trial.

Generally, the problem as to whether specific facts are relevant or are too remote is for the sound discretion of the Trial Judge.

" In determining the admissibility of evidence concerning the manner in which a participant in an accident was driving a vehicle before he reached the scene of the accident, as against the objection that the testimony is remote, the most important factor is the degree of probability that the conduct continued until the accident occurred." (46 A. L. R. 2d 13.)

" The question whether testimony as to the speed of a vehicle at some point before it reached the scene of an accident shall be admitted or excluded on the ground of remoteness rests largely in the discretion of the trial court. The competency of testimony as to speed at a remote point does not depend entirely upon the specific distance or time; it depends upon causal connection." (46 A. L. R. 2d 15.)

See, also, *Comins* v. *Scrivener* (214 F. 2d 810), where it is stated at page 812: " It is the general rule that the question whether evidence shall be admitted tending to show the rate of speed of an automobile at a time and place other than that at the instant of or immediately prior to the accident depends upon the facts in the particular case and rests largely in the discretion of the trial court. [Citations.] And the competency of such testimony does not always depend entirely upon specific distance or time but upon causal connection. [Citation.] "

This also is the New York State rule (*Rost* v. *Kessler*, 267 App. Div. 686; *Clay* v. *Monington*, 266 App. Div. 695; *Owen* v. *Gruntz*, 216 App. Div. 19; 3 Encyclopedia of New York Law, Automobiles, pp. 230–231).

All of the above-cited and quoted cases concern ordinary automobile collisions. The present case presents the extraordinary situation of a police officer being injured because of a collision with a fleeing car. This cannot be analyzed under normal or ordinary rules.

From the moment the plaintiff officer started this pursuit, all of the acts of the defendant driver and of the officer were highly important as to negligence and contributory negligence. The defendant knew or should have known that he was being pursued for the purpose of apprehension, still he neither stopped nor decreased his speed sufficiently to be overtaken until he came

up to the flashing red light. It may well be that, because of his conduct, acts and apparent disregard of law and authority during the time he was being followed, the plaintiff had reason to believe that the defendant would not stop for the red flashing traffic light, suddenly or otherwise. He may well have thought that it might be necessary for him to pass the defendant and force him to the side of the road in order to fulfill his obligations as a police officer. However, the plaintiff was not permitted to show all of the acts of the defendant from the time that he first observed him. These matters were highly material under the circumstances and should have been received in the exercise of sound judicial discretion.

We are fully aware of the duty of a peace officer, even while in the performance of his sometimes hazardous duties, to exercise reasonable and ordinary care for his own protection (*McDade* v. *International Ry. Co.*, 235 N. Y. 11; *Miner* v. *Rembt*, 178 App. Div. 173). But this substantive rule has no bearing on the admissibility of relevant testimony.

The judgment should be reversed and a new trial granted.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN and HALPERN, JJ.

Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.