■ RICHARD MERRITT, Appellant, v CITY OF LONG BEACH et al., Respondents.—In an action to recover for property damage, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated October 14, 1986, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Richard Merritt commenced the instant action against the three defendants after suffering damaging floods on his property on April 3, 1981, and May 14, 1981. These floods were apparently caused by sewer backup and the plaintiff's case against the city was based upon its failure to reasonably service and maintain the sewer lines. The plaintiff also sought damages against the two defendant nursing homes, claiming that the backups had been caused by adult-sized disposable diapers, and that the defendants had been put on notice after a first flood not to flush those types of material into the sewer system. At trial, however, it was established that the city had undertaken a comprehensive plan of maintenance and servicing of these problem sewers. In addition, the nursing homes presented evidence that they used a cloth diaper service and had no need to use disposable diapers. Based upon the foregoing, we can find no reason to set aside the verdict as against the weight of the evidence. Clearly, the finding of no liability on the part of any of the defendants is based upon a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129).

We further reject the plaintiff's claim that he was unduly prejudiced by certain evidentiary rulings. For example, the plaintiff unsuccessfully sought to have introduced into evidence a videotape created in 1984 or 1985 which showed diapers flowing into the sewers and a letter of a city official, Joseph Hurley, written in 1985 which referred to a "chronic sewer back-up problem". Clearly, both the videotape and letter were made at least three years after the flooding incidents for which the plaintiff now seeks damages and, therefore, they were too remote and not probative of any issue.

Additionally, the plaintiff further claims that he was prejudiced based upon the redaction of certain statements from a letter written by a Mr. Donnelly, an employee of the city's

sewer department, who had died prior to trial. While the letter written by Donnelly to his director was a business record, it was properly redacted since the statements that the plaintiff sought to have admitted were conclusory and would not have been admissible even if Donnelly had testified at trial *(see, Stevens v Kirby,* 86 AD2d 391).

While the plaintiff also claims that the tone of the trial was prejudicial, based upon our review of the record, we conclude that the court's rulings were made in a fair and impartial manner. In fact, the record reveals that most of the evidentiary rulings were in favor of the plaintiff and that his counsel was allowed a wide latitude regarding the questioning of witnesses.

Finally, the plaintiff's argument that the jury charge was lacking in certain areas and incorrect as to others has not been preserved for our review. In any case, those arguments are without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.