■ JOHN P. MECHANICK et al., Appellants, v RICHARD R. CONRADI, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Keniry, J.), entered January 26, 1987 in Saratoga County, upon a verdict rendered in favor of defendant.

At approximately 10:00 A.M. on July 28, 1984, a traffic accident occurred between plaintiff John P. Mechanick (hereinafter plaintiff) and defendant. Plaintiff had been traveling southbound on State Route 147 in the Town of Charlton, Saratoga County, when the motorcycle he was operating collided with the pickup truck defendant had been driving northbound on Route 147. At the time of the accident, defendant was attempting to make a left-hand turn into a grocery store parking lot located on the west side of Route 147. While defendant was making his turn, the motorcycle hit his truck on the passenger side and plaintiff struck defendant's window and went flying over the truck. Thereafter, plaintiff commenced this negligence action against defendant. At trial, a State Trooper testified that just prior to the accident, he observed plaintiff's vehicle traveling in violation of the 55-mile-per hour speed limit at a rate of 70 miles per hour. This rate was confirmed by the Trooper's radar machine. In pursuing plaintiff, the Trooper testified that he briefly lost sight of plaintiff when plaintiff crested a hill in the road, but, before

losing sight of him, the Trooper saw plaintiff look back over his shoulder at him. After plaintiff disappeared, the Trooper next saw him airborne as a result of plaintiff's collision with defendant. The jury returned a verdict in favor of defendant, from which plaintiff currently appeals.

Plaintiff claims that Supreme Court erred in denying his request to introduce a videotape of the accident scene which purportedly represented, *inter alia,* the "sight distance" available to defendant before he made his left-hand turn. It is true that videotapes and motion pictures are admissible into evidence for various purposes *(see, Boyarsky v Zimmerman Corp.,* 240 App Div 361, 367; 57 NY Jur 2d, Evidence and Witnesses, § 417, at 711). However, the question of whether a videotape is admissible is within the discretion of the trial court and depends on the facts and circumstances of each case *(see, Caprara v Chrysler Corp.,* 71 AD2d 515, 523, *affd* 52 NY2d 114). Furthermore, if there is "any tendency to exaggerate any of the true features which are sought to be proved" the trial court may reject it *(Boyarsky v Zimmerman Corp., supra,* at 367). In this case, the videotape depicted a full-size van heading south on Route 147 instead of a motorcycle. It presented a northbound view of what defendant would have seen but never shows what plaintiff would have seen while traveling south. Moreover, the videotape could have unfairly misled the jury since the van was clearly more visible than a motorcycle. Additionally, large red cones were placed on the side of the road as visual reference markers which were obviously not there at the time of the accident. The use of a telephoto lens also enhanced defendant's alleged sight distance. Finally, the van was operated at speeds no greater than 55 miles per hour, which, while consistent with plaintiff's claim that he was not speeding, contradicted the Trooper's testimony that plaintiff was speeding. Although plaintiff claims the videotape was not an attempt to reenact the accident, we agree with Supreme Court's determination that there was a possibility that a jury might not make that distinction and, accordingly, we find no abuse on the court's part in refusing to permit the videotape to be shown.

Plaintiff next argues that the Trooper should not have been permitted to testify as to plaintiff's speed immediately before the accident because it was too remote in time to be relevant since it related to plaintiff's speed 1½ miles before the accident. This, too, was a question within the discretion of Supreme Court and the decision as to whether to admit evidence of the speed of a vehicle prior to an accident is a factual one,

not depending upon a specific distance or time, but on a causal connection *(see, Christie v Mitchell,* 10 AD2d 52, 53). Here, although the Trooper briefly lost sight of plaintiff as the latter crested the hill, the Trooper testified that, at that point, plaintiff was still speeding and the next time the Trooper saw plaintiff he was in the air. Significantly, the Trooper arrived at the accident only seconds thereafter. Based on these facts, we are unable to say that Supreme Court erred in permitting the Trooper to testify as to the speed of the motorcycle prior to the accident *(see, Bashaw v Bouvia,* 14 AD2d 640, 641).

We likewise reject plaintiff's contention that, since defendant never presented any expert testimony as to plaintiff's speed at the time of the accident or on defendant's visibility, the jury was required to accept the testimony of plaintiff's expert on these issues. There is no absolute duty to rebut expert testimony and a jury may evaluate as it sees fit the failure of a party to call any expert witnesses *(see,* 58 NY Jur 2d, Evidence and Witnesses, § 665, at 311). A jury is also free to reject an expert's testimony even if it is uncontradicted *(see,* 58 NY Jur 2d, Evidence and Witnesses, § 669, at 315-316). Here, while defendant presented no expert testimony, the testimony of plaintiff's expert did not necessarily go unchallenged. In making his calculations, the expert testified that he assumed plaintiff drove with his attention to the road, while the Trooper testified that plaintiff was looking behind him at the Trooper as plaintiff crested the hill. The expert also based his estimate of plaintiff's speed on the existence of an alleged skid mark. However, the evidence was conflicting as to whether there were any skid marks at all. The expert and the Trooper also differed as to plaintiff's rate of speed when he actually hit defendant. The jury was free to accept or reject either opinion.

With respect to plaintiff's contention that the jury verdict was against the weight of the evidence, we reject this claim as lacking in merit. Plaintiff's argument in this regard involves primarily questions of fact and credibility which were properly left for the jury to resolve *(see, Le Bel v Airlines Limousine Serv.,* 92 AD2d 996, 997). On the record before us, we find no basis for overturning the jury's verdict. We have reviewed plaintiff's remaining contentions and find them similarly lacking in merit.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.