■ FRANCIS L. MERCATANTE et al., Appellants, v HYSTER COMPANY, Defendant and Third-Party Plaintiff-Respondent. STAR INDUSTRIES, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (O'Shaugnessy, J.), entered March 1, 1988, which, upon a jury verdict, is in favor of the defendant third-party plaintiff and against them.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and a new trial is granted, with costs to abide the event.

The plaintiff Francis L. Mercatante, an employee of Star Industries, Inc., was injured while operating an electric "Walkie-Rider" pallet jack truck which his employer had purchased from the defendant Hyster Company. The plaintiff and his wife commenced suit against the Hyster Company, alleging that a malfunction in the machinery caused him to be thrown off the truck and pinned against a steel object located at the rear of the warehouse in which he was working. The plaintiffs claimed, *inter alia,* that the Hyster Company was negligent in designing, manufacturing and assembling the "Walkie-Rider" jack truck and that the defendant had failed to provide adequate instructions, safeguards and warnings regarding the proper use of the machine and "the dangers involved in [the] operation" of the equipment.

At the trial, the plaintiffs' expert witness testified that the platform of the "Walkie-Rider" upon which the operators

would stand while riding the machine, was too small and that this defect in design proximately caused the plaintiff's injuries. The defendant, however, alleged that the machine was designed in this manner so that it might be utilized in "tight places". After the plaintiffs rested, the trial court permitted the defendant to introduce into evidence a videotape demonstrating the operational capabilities of the "Walkie-Rider" jack truck. Although the plaintiffs strenuously objected to the admissibility of this videotape, the trial court overruled the objection and allowed the videotape to be played for the jury, with an admonition that "the purpose [of the videotape] is to indicate a visual depiction of the operational capabilities of this machine as it·is designed. It is not to be viewed * * * as the proper way to operate the machine".

The jury ultimately rendered a verdict in favor of the defendant. The plaintiffs, on appeal, contend, *inter alia,* that the trial court's decision to allow the jury to view the videotape was unduly prejudicial and that they are, therefore, entitled to a new trial. We agree.

The question of whether a videotape should be viewed by a jury lies within the sound discretion of the trial court. Although the trial court admitted the videotape into evidence for the express purpose of acquainting the jury with the operational functions of the machine, we note that the actual "Walkie-Rider" jack truck involved in this lawsuit was available for inspection and demonstration at the courthouse during the pendency of the trial. We also note that while the videotaped presentation depicted the operator of the jack truck "walking" the machine without incident, the accident, in this case, occurred while the plaintiff was "riding" the machine on the allegedly defective platform. Thus, the videotape was of questionable probative value since the circumstances portrayed therein were vastly different from those which existed at the time of the accident. When we consider the high potential for prejudice inherent in allowing the jury to view a film which was prepared by the defendant exclusively for trial, the limited need for and utility of the videotape as an "instructional tool," and its "absence of evidentiary value" with respect to the plaintiffs' principal claim of a design defect *(see, Glusaskas v Hutchinson,* 148 AD2d 203, 209), we conclude that it was an improvident exercise of discretion for the trial court to have authorized its admission into evidence *(cf., Caprara v Chrysler Corp.,* 71 AD2d 515, 523, *affd* 52 NY2d 114). Accordingly, a new trial is warranted.

In light of the foregoing disposition, we need not address the

plaintiffs' remaining contentions. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.