■ STEVEN R. GLOZIK et al., Appellants, v NATIONAL FREIGHT, INC., Respondent.—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court (Ingraham, J.), entered February 22, 1989 in Chenango County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered February 7, 1990 in Chenango County, which, upon reargument, denied plaintiffs' motion to set aside the verdict.

On May 20, 1986 plaintiff Steven R. Glozik (hereinafter plaintiff) was driving his tractor-trailer in the Town of Bath, Steuben County, when he was struck from behind by a tractor-trailer owned by defendant. According to the investigating State Trooper, and as admitted in plaintiff's brief, the struck trailer did not sustain substantial damage. Plaintiff and his spouse subsequently commenced this negligence action against defendant.

At trial, plaintiff's doctor, after testifying that plaintiff sustained muscle spasms around his neck and shoulder, whiplash and a ruptured or herniated disc, modified his expert opinion as to causation when, on cross-examination, he was made aware of plaintiff's 1981 and 1983 motor vehicle accidents in which the tractors he was operating were totaled. His expert opinion as to causation was further diluted by his direct testimony that, for the most part, a patient's numbness could not be objectively confirmed and that neurological examinations of plaintiff did not reveal nerve or muscle damage.

Next, John Lusins, a neurologist to whom plaintiff had been referred and who had testified on direct examination that in his opinion the May 1986 accident was the cause of plaintiff's injuries, based on the history given by plaintiff, also qualified his expert opinion as to causation when he learned for the first time of plaintiff's two prior accidents. Lusins also stated that he most likely inquired about prior accidents when he examined plaintiff and that his notes did not contain any affirmative responses. The doctor also confirmed that tests did not reveal nerve or muscle damage to plaintiff's neck.

Following a three-day trial, the jury unanimously found that defendant was negligent but that such negligence was not the proximate cause of plaintiff's injuries. After plaintiff's motion to set aside the verdict was denied, Supreme Court granted plaintiff's motion for reargument. After reargument the court again denied plaintiff's motion to set aside the verdict. Plaintiff appeals the jury's verdict and Supreme Court's denial of its motions to set aside the verdict.

We reject plaintiff's assertion that the jury's verdict that defendant's negligence was not the proximate cause of his injuries was not supported by a fair interpretation of the evidence. "[P]roximate cause cannot be satisfied by conjecture and speculation which are no substitute for proof" (*Monahan v Weichert*, 82 AD2d 102, 107-108). Here, plaintiff failed to establish by a preponderance of the credible evidence that defendant's alleged negligence was the proximate cause of his injuries. Further, it was reasonable for the jury to conclude that the medical experts' opinions were less than credible because they were based on information supplied by plaintiff. That such proof was suspect is evident from plaintiff's testimonial contradictions, including the differences between plaintiff's testimony at trial and while deposed regarding destruction of his records, as well as plaintiff's failure to inform his doctors of prior motor vehicle accidents and the accident, hospital and medical records contradicting his assertions of numbness shortly after the accident herein.

Accordingly, we conclude that upon the record it was reasonable for the jury to conclude by a fair interpretation of the evidence that plaintiff did not establish by a preponderance of the evidence that the May 1986 accident was the proximate cause of his injuries (*see, Mechanick v Conradi,* 139 AD2d 857, 859; *Hegyi v Jones,* 40 AD2d 1053).

Judgment and order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.