■ TIFFANY AUSTIN and Another, Infants, by EDWARD AUSTIN et al., Their Parents and Natural Guardians, et al., Appellants, v CARLA BASCARAN et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered January 8, 1991 in Rensselaer County, upon a verdict rendered in favor of defendants.

Plaintiff Tiffany Austin (hereinafter the infant) sustained serious injuries in May 1987 as a result of an attack by a dog owned by defendants Jose Bascaran and Carla Bascaran (hereinafter collectively referred to as defendants) at defendants' farm in the Town of Hoosick Falls, Rensselaer County. The dog, named Turkey, was a border collie, a breed customarily used to herd farm animals, and was purchased by defendants as a two-month-old puppy in May 1985. Plaintiffs commenced this action alleging, *inter alia,* theories of negligence and strict liability and seeking to recover for the infant's personal injuries and certain derivative losses. Following a trial and the submission to the jury of only the action sounding in strict liability, the jury found that Turkey had vicious propensities but that defendants did not have knowledge of those propensities. Thereupon, a verdict was entered in defendants' favor. Supreme Court denied plaintiffs' motion to set aside the verdict. Plaintiffs appeal. In our view, the record evidence presents a close question of liability and, in light of errors committed at trial, reversal is warranted.

Initially, we agree with plaintiffs that Supreme Court improperly admitted a videotape produced exclusively for trial more than three years after the incident. The question of whether a videotape should be viewed by a jury depends on the facts and circumstances of each case and lies within the sound discretion of the trial court *(see, Mercatante v Hyster*

*Co.,* 159 AD2d 492, 493; *Caprara v Chrysler Corp.,* 71 AD2d 515, 523, *affd* 52 NY2d 114). The videotape in the instant case, which is over 20 minutes long, depicts defendants walking around the farm pointing out various landmarks, and shows Turkey herding sheep and following commands. When we consider that the videotape was of questionable probative value because it was produced under circumstances vastly different from those which existed at the time of the incident involving the infant *(see, Mercatante v Hyster Co., supra; Mechanick v Conradi,* 139 AD2d 857, 858), and remote in time from the incident *(see, Merritt v City of Long Beach,* 139 AD2d 574), we conclude that it was an improvident exercise of discretion for Supreme Court to have authorized its admission into evidence *(cf., Caprara v Chrysler Corp., supra).* The admission of the videotape was highly prejudicial notwithstanding the jury's finding that Turkey did have vicious propensities because it portrayed Turkey as a good dog, able to follow commands and, thus, implied that defendants would have had no reason to suspect that Turkey possessed vicious propensities.

Supreme Court also erred in permitting testimony that had been stricken to be read back to the jury. Lylean Orlando testified that during the summer of 1985, Turkey had bitten her one-year-old son on the face, leaving teeth marks. On cross-examination, Orlando gave the following testimony:

"Q. And, do you know * * * with certainty, whether or not the marks on your child's cheek were the result of a dog bite —a puppy biting or the result of the dog[']s muzzle coming in contact with your child in a playful manner. Is it possible?

"A. It is possible, yes."

Plaintiffs' counsel objected and moved to strike the question and answer. The motion was granted. After the jury requested that Orlando's testimony be read back, plaintiffs requested that the stricken question and answer be omitted. Supreme Court determined that the jury should "hear it exactly the way it transpired in the courtroom the first time" and denied plaintiffs' request. In our view, Supreme Court should have omitted the stricken portions, read the remainder and advised the jury that certain portions had been stricken *(see, People v Roman,* 149 AD2d 305, 307; *People v Mc Nab,* 144 Misc 2d 612, 617). Orlando's testimony was crucial to the jury's determination, and highlighting the stricken portions at this critical stage in the proceedings was unduly prejudicial to plaintiffs.

Finally, inasmuch as there will be another trial, we note

that Supreme Court properly dismissed the infant's negligence claim. "The rule governing one who keeps an animal with knowledge of its vicious propensities is one of strict liability * * * rather than negligence" *(Arbegast v Board of Educ.,* 65 NY2d 161, 164; *see, Muller v McKesson,* 73 NY 195, 199; *Fox v Martin,* 174 AD2d 875; *Lynch v Nacewicz,* 126 AD2d 708; *Smith v Sapienza,* 115 AD2d 723; *Russell v Lepre,* 99 AD2d 489; *but see, Stoop v Kurtz,* 121 AD2d 529).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs to abide the event, and matter remitted to the Supreme Court for a new trial.