## Second Department, July, 1995

### (July 3, 1995)

■ Salhah Awawdeh et al., Appellants, v Brooklyn Union Gas Co., Respondent. [629 NYS2d 83] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered September 22, 1993, which, after a jury trial, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On December 2, 1987, one of the defendant's employees determined that there was a gas leak in an oven located at 587 Washington Avenue, Brooklyn. He thereupon "locked the meter" and advised the landlord to make the necessary repairs. On December 24, 1987, another one of the defendant's employees noted that the oven control was not functioning properly. He then proceeded to shut off the gas to the oven and broiler, allowing the top burners to operate. This second employee determined that there were no gas leaks at that time.

Approximately 19 months later, on July 4, 1989, the plaintiff was injured in a gas explosion. During the 19-month period between December 1987 and July 1989, the plaintiff's landlord had been responsible for several repairs which the plaintiff herself had witnessed. Additional repairs were made by the landlord after the accident. Nonetheless, a 1991 inspection report, which was not admitted into evidence at trial, mentioned the existence of a gas leak.

The plaintiff now argues that it was reversible error for the trial court to exclude mention of the finding of a gas leak contained in the report noted above. We disagree. The subject report was made some two years and five months after the accident, and approximately four years after the defendant's last pre-accident inspection. The relevant conditions had, in the interim, undergone significant changes as the result of the landlord's repairs, to say nothing of the explosion itself. The presence of a gas leak in 1991 was thus "too remote and not probative of any issue" (*Meritt v City of Long Beach*, 139 AD2d 574; *see also, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219; *Bashaw v Bouvia*, 14 AD2d 640).

We have examined the plaintiff's remaining contentions, and find them to be without merit. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.