■ NORTHVILLE INDUSTRIES CORPORATION, Appellant, v MYSTIC BULK CARRIERS, INC., et al., Respondents. [639 NYS2d 810]

Viewing the evidence in a light most favorable to the prevailing defendants (*Matter of Kornblum Metals Co. v Intsel Corp.*, 38 NY2d 376, 379), a reasonable jury could have found either that plaintiff failed to sufficiently establish the cause of the accident or that defendants were not responsible for it, and that, instead, conditions at plaintiff's terminal, of which it had prior notice, were the proximate cause of its injuries (*see, Glozik v National Frgt.*, 171 AD2d 977, 978).

The trial court properly ruled that defendants' Telephone Inquiry Form was admissible as a business record (CPLR 4518). The evidence of groundwater contamination at another one of plaintiff's terminals was relevant to a determination of plaintiff's lost profits and any prejudice resulting therefrom was not such as to warrant reversal of the judgment (*Hyde v*

*County of Rensselaer*, 51 NY2d 927). Since plaintiff failed to object to the court's instruction to the jury striking certain testimony and did not request any further instructions or a mistrial, the issue has not been preserved for this Court's review (*Torrado v Lutheran Med. Ctr.*, 198 AD2d 346). The court properly precluded evidence of a lack of prior accidents at the site since plaintiff failed to demonstrate that the same allegedly dangerous condition had existed at the site for a number of years and that a significant number of persons had encountered the condition without being injured (*Cassar v Central Hudson Gas & Elec. Corp.*, 134 AD2d 672, 674). Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.