■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WATERS, Appellant. [670 NYS2d 136] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his conviction should be reversed based upon prosecutorial misconduct. The prosecutor's conduct did not cause " 'such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711, quoting *People v Mott,* 94 AD2d 415, 419; *see, People v Tidwell,* 207 AD2d 957, *lv denied* 84 NY2d 1039). Further, the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the prosecutor's conduct (*see, People v Crimmins,* 36 NY2d 230, 241).

We reject the contention of defendant that Supreme Court abused its discretion in permitting the eight-year-old victim to testify under oath at trial. The determination whether an infant witness has testimonial capacity " 'rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath' " (*People v Nisoff,* 36 NY2d 560, 566, quoting *Wheeler v United States,* 159 US 523, 524-525; *see, People v Young,* 225 AD2d 339, *lv denied* 88 NY2d 971). The record supports the determination of the court that the victim had sufficient intelligence and capacity to testify under oath (*see, People v Heck,* 229 AD2d 931; *People v Roger S.,* 168 AD2d 581).

We have considered the remaining contention of defendant and conclude that it is without merit (*see generally, People v Feldt,* 198 AD2d 788). (Appeal from Judgment of Supreme Court, Erie County, Sheridan, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.