■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BECKWITH, Appellant. (Appeal No. 1.) [734 NYS2d 770] —Judgment unanimously affirmed. Memorandum: Defendant appeals from judgments convicting him after a jury trial of one count each of rape in the first degree (Penal Law § 130.35 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]), and three counts of sodomy in the first degree (Penal Law § 130.50 [3]). Contrary to defendant's contention, the Grand Jury proceedings were not rendered defective by the presence of a caseworker from the Oneida County Department of Social Services in the Grand Jury room during the testimony of the nine-year-old complainant (see, CPL 190.25 [3] [h]). The caseworker was administered the oath of secrecy and was present in order to provide emotional support to the child. "Although the caseworker was called as a witness at trial by de-

fendant, she was not a witness before the Grand Jury (*cf., People v Sayavong,* 83 NY2d 702)" (*People v Litzenberger,* 234 AD2d 947, 948). Contrary to defendant's further contention, it was not error for the prosecutor to reveal the complainant's testimony at the initial Grand Jury proceeding to an investigator involved in the case (*see,* CPL 190.25 [4] [a]). In any event, even assuming, arguendo, that the prosecutor erred in revealing that testimony, we conclude that dismissal of the indictment is not required because there was no possibility of prejudice (*see generally,* CPL 210.35 [5]; *People v Huston,* 88 NY2d 400, 409; *People v Sayavong, supra,* at 709-710).

We reject defendant's contention that the People were required to seek leave before resubmitting the case to another Grand Jury. The complainant was the only witness to testify before the first Grand Jury, and she did not give any testimony implicating defendant. After responding to a few questions about the incident, she refused to answer any further questions and asked to see her mother. Because no evidence against defendant had been presented, the prosecutor's withdrawal of the case from the Grand Jury is not deemed a dismissal requiring the People to seek judicial approval before resubmitting the charges to another Grand Jury (*see, People v Gelman,* 93 NY2d 314, 317; *People v Rodriguez,* 281 AD2d 375, 376, *lv denied* 96 NY2d 906).

Defendant contends that he should have been allowed to inquire about alleged prior incidents of abuse in 1989 and 1994 against the complainant when cross-examining the People's medical witnesses and when examining a witness for the defense. With respect to the 1994 incident, County Court properly determined that defendant could ask the medical witnesses if their physical findings of abuse could have been caused by another incident of abuse and that, if defense counsel asked about the specific incident that occurred in 1994, he would be opening the door to the introduction of evidence that he had committed a prior act of sexual abuse against the complainant that year. The court did not err in precluding testimony regarding the 1989 incident because defendant failed to establish an exception to the general rule precluding evidence of a victim's sexual conduct in sex offense cases (*see,* CPL 60.42).

We agree with defendant that the court erred in allowing a medical expert to testify concerning a study that was not introduced in evidence. The expert's testimony concerning that study was hearsay because it was offered as proof of the facts contained in the study (*see, Rosario v New York City Health &*

*Hosps. Corp.,* 87 AD2d 211, 214; *see generally, Spensieri v Lasky,* 94 NY2d 231, 236-237). The error is harmless, however, because the proof of guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant but for the error (*see, People v Crimmins,* 36 NY2d 230, 241-242). Contrary to defendant's contention, the medical expert properly testified that the physical findings resulting from the complainant's medical examination were consistent with sexual abuse where, as here, those physical findings were " 'not within the range of ordinary training or intelligence' " (*People v Cronin,* 60 NY2d 430, 432, quoting *Dougherty v Miller,* 163 NY 527, 533; *see, People v Harris,* 249 AD2d 775, 776). Contrary to defendant's further contention, the court did not abuse its discretion in permitting the complainant to testify under oath at trial (*see,* CPL 60.20 [former (2)]; *People v Nisoff,* 36 NY2d 560, 566; *People v Lynch,* 254 AD2d 816, *lv denied* 92 NY2d 1051; *People v Waters,* 248 AD2d 997, *lv denied* 93 NY2d 930). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.