MATTHEW KANE, Respondent, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Appellant, et al., Defendants. [778 NYS2d 52]—

In an action to recover damages for personal injuries, the de-

fendant Triborough Bridge & Tunnel Authority appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Ruchelsman, J.), entered November 21, 2002, as, upon a jury verdict finding it 100% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability as to the defendant Triborough Bridge & Tunnel Authority only, with costs to abide the event, and the action against the remaining defendants is severed.

On May 5, 1998, the plaintiff was a passenger in a vehicle operated by the defendant Michael Wagner. As Wagner's vehicle entered the metal grating that comprises the lift span of the Marine Parkway-Gil Hodges Memorial Bridge, it skidded and crossed over the center line, where it was struck by an oncoming vehicle. In his notice of claim, the plaintiff contended that the appellant, the defendant Triborough Bridge & Tunnel Authority (hereinafter the TBTA) negligently maintained the bridge's metal grating in a worn and slippery condition. The plaintiff commenced this action to recover damages for personal injuries against, among others, Wagner and the TBTA. Following a trial on the issue of liability, the jury returned a verdict finding the TBTA 100% at fault in the happening of the accident. On appeal from the interlocutory judgment, the TBTA contends that the plaintiff failed to establish a prima facie case of negligence against it and challenges several of the trial court's evidentiary rulings. We reverse insofar as appealed from and grant a new trial as to the TBTA only, because of the trial court's evidentiary errors which substantially prejudiced the TBTA.

The plaintiff was permitted, over the TBTA's objection, to present evidence suggesting that the TBTA was negligent in failing to install a median barrier or certain warning signs on the bridge. However, these theories were not included in the plaintiff's notice of claim and substantially altered the nature of his claim (see Barksdale v New York City Tr. Auth., 294 AD2d 210 [2002]; Rodriguez v New York City Tr. Auth., 286 AD2d 681 [2001]; Mondert v New York City Tr. Auth., 224 AD2d 500 [1996]). Although the design defect and failure to warn claims were ultimately withheld from the jury, this evidence was still before it. The trial court did not rule on the TBTA's request to strike this evidence, and did not instruct the jury to disregard it.

The trial court also erred in improperly permitting the plaintiff to present proof of prior accidents on the bridge to establish a dangerous condition or to prove notice without showing that the conditions prevailing at the time of the earlier accidents were substantially the same as existed at the time of the subject accident (*see Sideris v Town of Huntington,* 240 AD2d 652 [1997]; *Vega v Jacobs,* 84 AD2d 813, 814 [1981]; *cf. Hyde v County of Rensselaer,* 51 NY2d 927, 929 [1980]).

In addition, the trial court erred in admitting into evidence a redacted engineering report, and in permitting the plaintiff's counsel to read from two other engineering reports not in evidence, which related to studies conducted by independent engineering firms in connection with a project to rehabilitate the bridge. Those reports were hearsay, since they were introduced to prove the truth of their contents (*see People v Beckwith,* 289 AD2d 956, 957 [2001]; *Rosario v New York City Health & Hosps. Corp.,* 87 AD2d 211, 214 [1982]), and the plaintiff failed to lay an adequate foundation for their admission as business records (*see* CPLR 4518 [a]; *Standard Textile Co. v National Equip. Rental,* 80 AD2d 911 [1981]; *cf. People v Cratsley,* 86 NY2d 81, 88-92 [1995]).

The trial court permitted the plaintiff, over the TBTA's objection, to play for the jury a videotape of a computer-generated animation, which included still photographs, and purported to re-enact the accident to illustrate the expert's opinion as to the cause of the accident. The question of whether a videotape should be viewed by a jury depends on the facts and circumstances of each case and lies within the sound discretion of the trial court (*see Austin v Bascaran,* 185 AD2d 474 [1992]; *Mercatante v Hyster Co.,* 159 AD2d 492, 493 [1990]; *Mechanick v Conradi,* 139 AD2d 857, 858 [1988]; *Caprara v Chrysler Corp.,* 71 AD2d 515, 523 [1979], *affd* 52 NY2d 114 [1981]). If there is "any tendency to exaggerate any of the true features which are sought to be proved" the trial court may reject the videotape (*Boyarsky v Zimmerman Corp.,* 240 App Div 361, 367 [1934]; *see Mechanick v Conradi, supra*).

The trial court improvidently exercised its discretion in permitting the computer-generated animation to be played for the jury. The plaintiff failed to lay a foundation for its admission into evidence (*see* 58 NY Jur 2d, Evidence and Witnesses § 423; 2 McCormick, Evidence § 214 [5th ed]; Barker & Alexander, Evidence in New York State and Federal Courts, Computer-Generated Graphics § 11:20 [5 West's NY Prac Series 2004]). Moreover, the circumstances portrayed in the computer-generated animation were sufficiently different from those

which existed at the time of the accident to render its utility questionable in light of the high potential for prejudice inherent in allowing the jury to view it (*see Austin v Bascaran, supra* at 475; *Mercatante v Hyster Co., supra;* 2 McCormick, Evidence § 214 [5th ed]; Barker & Alexander, Evidence in New York State and Federal Courts, Motion Pictures and Videotapes § 11:12 [5 West's NY Prac Series 2004]; Barker & Alexander, Evidence in New York State and Federal Courts, Computer-Generated Graphics § 11:20 [5 West's NY Prac Series 2004]). Finally, even if the first two errors had not occurred, the trial court erred in failing to instruct the jury that the computer-generated animation was being admitted for the limited purpose of illustrating the expert's opinion as to the cause of the accident and that it was not to consider the computer-generated animation itself in determining what actually caused the accident (*see People v Yates,* 290 AD2d 888, 890 [2002]; *United States v Martinez,* 159 F3d 1349 [1998], *cert denied* 525 US 939 [1998]; *Datskow v Teledyne Cont. Motors Aircraft Prods., a Div. of Teledyne Indus.,* 826 F Supp 677, 685 [1993]). Without such a limiting instruction, the trial court left open the possibility that the jury might "confuse art with reality" (2 McCormick, Evidence § 214 [5th ed]; *see* Barker & Alexander, Evidence in New York State and Federal Courts, Motion Pictures and Videotapes § 11:12 [5 West's NY Prac Series 2004]; Barker & Alexander, Evidence in New York State and Federal Courts, Computer-Generated Graphics § 11:20 [5 West's NY Prac Series 2004]).

Despite these errors, the plaintiff nonetheless established a prima facie case of negligence against the TBTA (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Because a new trial is necessary, however, we do not reach the TBTA's contention that the jury's finding of negligence was against the weight of the evidence.

In its main brief, the TBTA raised no argument as to any alleged error in the jury verdict finding that Wagner was not at fault in the happening of the accident. Therefore, despite its attempt to raise the issue in its reply brief, it has abandoned any such argument it might have had on this appeal (*see Khalona v New York City Tr. Auth.,* 215 AD2d 630, 631 [1995]).

Accordingly, we grant a new trial as to the TBTA only. Ritter, J.P., Schmidt, Townes and Crane, JJ., concur.