■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS ARANBAYEV, Appellant. [828 NYS2d 127]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered September 26, 2005, convicting him of attempted bribery in the third degree and failure to obey a police officer or flag person, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's application to poll the jury panel after a prospective juror was discharged because of her comments made in response to the defense counsel's statements. The court made an appropriate inquiry of the discharged prospective juror to ascertain any prejudice to the defendant, and there is no evidence that the remarks tainted the remaining members of the jury panel so as to deprive the defendant of a fair trial (*see People v Ramirez*, 23 AD3d 500, 501 [2005]; *People v Cruz*, 292 AD2d 175, 176 [2002]; *see also People v Jean*, 75 NY2d 744, 745 [1989]).

The Supreme Court providently exercised its discretion in precluding a videotape filmed by the defendant of the area of his arrest, offered to demonstrate the level of traffic and noise at that location. The jury previously heard testimony that the area was very noisy and that traffic was heavy. Moreover, the proposed videotape was filmed on the day it was offered into evidence, more than two years after the incident, and may have misled the jury or otherwise prejudiced the purposes of the trial (*see People v Acevedo*, 40 NY2d 701, 704 [1976]; *compare Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 241 [2004]; *Austin v Bascaran*, 185 AD2d 474 [1992]). Schmidt, J.P., Santucci, Krausman and Rivera, JJ., concur.