■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO ANDERSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in permitting complainant's mother to testify on redirect examination that complainant stated that defendant had sexually assaulted her. We disagree. On direct examination, the prosecutor did not introduce testimony regarding what complainant had told her mother about the alleged sexual assault. On cross-examination, however, defense counsel elicited that complainant did not tell her mother that defendant "raped" her or "had sex" with her. On redirect, the prosecutor asked complainant's mother to relate to the jury complainant's statement that defendant had "entered her". Because defense counsel "opened the door" to the contents of complainant's statement, the court properly permitted the prosecutor on redirect to introduce complainant's statement in order to "explain, clarify and fully elicit a question only partially

examined by the defense" *(People v Regina,* 19 NY2d 65, 78; *see, People v Melendez,* 55 NY2d 445, 451-452).

Defendant further contends that the trial court erred in admitting certain hearsay statements in the history portion of the hospital records. Because the hospital records, as redacted by the court, had been admitted into evidence without objection by defense counsel, the alleged error has not been preserved for our review *(see,* CPL 470.05 [2]). In any event, since the entries related to diagnosis and treatment, they were properly admitted *(see, People v Davis,* 95 AD2d 837, 838; *see also, People v Jackson,* 124 AD2d 975, 976, *lv denied* 69 NY2d 746).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Rape, 1st Degree.) Present— Callahan, J. P., Green, Pine, Lawton and Davis, JJ.