■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WARREN, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that he was denied effective assistance of counsel. Viewing the totality of the record as of the time of the representation, we find that, while counsel's conduct was not error free, the representation provided defendant was meaningful *(see, People v Satterfield,* 66 NY2d 796, 799-800; *People v Baldi,* 54 NY2d 137, 147; *People v Trait,* 139 AD2d 937, 938, *lv denied* 72 NY2d 867).

The trial court did not err by refusing to charge sexual abuse in the third degree (Penal Law § 130.55) as a lesser included offense of sexual abuse in the first degree (Penal Law § 130.65 [1]). There is no reasonable view of the evidence that the sexual contact occurred without the victim's consent but not by forcible compulsion *(see,* CPL 300.50 [1]; *People v Cabassa,* 79 NY2d 722; *People v Scarborough,* 49 NY2d 364, 368). In the absence of a request by counsel, the court's failure to submit the offense of sexual misconduct (Penal Law § 130.20 [2]) as a lesser included offense of sodomy in the first degree (Penal Law § 130.50 [1]) did not constitute error *(see,* CPL 300.50 [2]).

The trial court did not abuse its discretion by permitting the police officer to testify on redirect examination concerning the absence of fingerprints on the plastic bottle found at the crime scene. In our view, defense counsel opened the door to that line of inquiry on cross-examination *(see, People v Melen-*

*dez,* 55 NY2d 445, 451-452; *People v Anderson,* 184 AD2d 1005).

Defendant's remaining contentions have not been preserved for our review *(see,* CPL 470.05 [2]), and we decline to reach them in the interest of justice. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Sodomy, 1st Degree.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.