██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HEGEMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Following a jury trial, defendant was found guilty of 16 representative counts of sexual abuse in the first degree and four counts of endangering the welfare of a child. He contends that County Court erred when it permitted his 10-year-old daughter to testify under oath *(see,* CPL 60.20 [2]). The decision whether to accept the sworn testimony of a child less than 12 years of age rests primarily with the Trial Judge and that decision will not be disturbed on review unless it was clearly erroneous *(People v Nisoff,* 36 NY2d 560, 566; *People v Miller,* 162 AD2d 1016). We conclude that the court's inquiry was sufficient to establish that the child knew the difference between the truth and a lie, and understood the nature and consequences of an oath; thus, there is no basis to disturb the court's exercise of discretion *(see, People v Parks,* 41 NY2d 36, 50; *People v Nisoff, supra; People v Berardicurti,* 167 AD2d 840).

We reject defendant's argument that the court erred in allowing another daughter, who was not a complainant, to testify about uncharged acts of sexual abuse committed by defendant against her. The People did not present evidence of prior uncharged crimes as part of their direct case. The witness was called to testify on behalf of the defendant. The testimony elicited was proper cross-examination and was relevant to questions asked on direct examination. Because defendant introduced that area of inquiry, an issue which would have been collateral was made material *(see, People v Chaitin,* 61 NY2d 683, 684; *People v Anderson,* 184 AD2d 1005, *lv denied* 80 NY2d 926). Furthermore, defendant did not request the court to give curative instructions to alleviate the effect of that testimony.

We have reviewed the other arguments raised on appeal and find that they are without merit. Defendant did not request any instruction pertaining to interested witnesses. Therefore, that argument has not been preserved *(see,* CPL 470.05 [2]). The People properly laid a foundation for the receipt of Investigator Casey's testimony, which was within

the witness' area of expertise and was properly admitted. Considering the reprehensible nature and extent of defendant's conduct and its devastating psychological damage to his two young daughters, the court did not abuse its discretion in imposing a lengthy sentence. (Appeal from Judgment of Ontario County Court, Harvey, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Callahan, Boomer, Balio and Davis, JJ.