■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO AYALA, Appellant. [598 NYS2d 318] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered June 25, 1991, convicting him of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 22, 1990, at approximately 10:30 A.M., the defendant was apprehended in a stolen car which had stolen license plates and was parked in a no-parking zone in front of Long Island City High School in Queens.

We find that the trial court erred in precluding the defense counsel from cross-examining the arresting officer about a statement made by the defendant. The prosecutor "opened the door" on direct examination when she asked the officer if, in addition to giving pedigree information, the defendant made other statements to the officer. The defense counsel should have been afforded the right "to explain, clarify and fully elicit a question only partially examined" by the prosecution (*People v Regina,* 19 NY2d 65, 78; see, *People v Anderson,* 184 AD2d 1005).

Nevertheless, the error was harmless because proof of the defendant's guilt was overwhelming and the defendant's statement was in any event presented to the jury *(see, People v Valentin,* 130 AD2d 529; *see also, People v Cutanda,* 184 AD2d 201; *People v McElveen,* 162 AD2d 626).* Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.