■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY D. LITZENBERGER, Appellant. [652 NYS2d 912] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the first degree and sodomy in the first degree, defendant argues that the integrity of the Grand Jury proceedings was impaired and he was prejudiced because of the joint presentment to the Grand Jury of two separate criminal transactions, one involving defendant and the other involving Lewis Bogue. Although jointly charging defendant and Bogue in one indictment was improper (*see,* CPL 200.40 [1]), that error was corrected when the People consented to sever the cases for trial. As noted by County Court, the joint presentment minimized trauma to the child victim (*see,* Executive Law § 642-a [3]). The evidence against each defendant was neither insufficient nor disproportionate, and the Grand Jury was properly instructed to treat the evidence against each de-

fendant separately. Thus, the joint presentment to the Grand Jury did not meet the " 'very precise and very high' " test for dismissal of the indictment because of impairment of the integrity of the Grand Jury (*People v Huston*, 88 NY2d 400, 409, quoting *People v Darby*, 75 NY2d 449, 455). Nor was the integrity of the Grand Jury impaired by the presence of a caseworker from the Department of Social Services who provided support for the child victim during her testimony. The caseworker was an "authorized person" within the meaning of CPL 190.25 (3) (h), and the court determined after a hearing that the caseworker did not provide the witness with answers or participate in the proceedings. Although the caseworker was called as a witness at trial by defendant, she was not a witness before the Grand Jury (*cf., People v Sayavong*, 83 NY2d 702).

We further reject the argument of defendant that the evidence against him before the Grand Jury was insufficient. That evidence was sufficient despite mistaken testimony by a doctor concerning the date on which she examined the child victim (*see, People v Bogue*, 234 AD2d 946 [decided herewith]).

At trial, the court properly admitted as a prior consistent statement the testimony of the caseworker that the victim informed her on November 3, 1994 about the sexual attack. Defense counsel had earlier elicited testimony from the victim that she had not told the caseworker about the sexual attack until January 9, 1995, after the caseworker had told her about allegations concerning defendant made by her brother. Because defense counsel created the inference that the victim had not come forward with allegations against defendant until influenced by the caseworker and the November 3, 1994 statement by the victim "antedat[ed] these alleged influencing forces" (*People v McDaniel*, 81 NY2d 10, 19), the statement was properly admitted to rebut the implied charge of recent fabrication (*see, People v McDaniel, supra*, at 19). In addition, by examining the caseworker concerning only those allegations that the victim had made concerning Bogue, defense counsel created the inference that the victim had made no allegations against defendant. Thus, defense counsel "opened the door" to the People's cross-examination, so that the People could " 'explain, clarify and fully elicit a question only partially examined by the defense' " (*People v Anderson*, 184 AD2d 1005, 1005-1006, *lv denied* 80 NY2d 926, quoting *People v Regina*, 19 NY2d 65, 78; *see also, People v Hegeman*, 188 AD2d 1028, *lv denied* 81 NY2d 1073). Because the evidence is admissible on either basis, its admission does not constitute "bolstering" (*see*,

*People v Buie,* 86 NY2d 501, 510-511). (Appeal from Judgment of Genesee County Court, Morton, J.—Rape, 1st Degree.) Present—Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.